E-FILED
Thursday, 08 September, 2005 09:11:35 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

United States of America,
    Respondent,

v.

Carlos Antonio Bolton,
    Defendant.

Case No. 01-40040-001

Case No. 01-40098-001

FILED
SEP 7 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

    Now comes the Defendant, Carlos Antonio Bolton, Acting Pro Se, pursuant to title §18 U.S.C. §3572 (d) (3), and §18 U.S.C., §3664 (K), initiating this Honorable Court to Amend, Modify, and to Correct, An Order of Special (Felony) Assessment, and Restitution Order Originally entered in the above-Captioned Case/Sentence for the criminal violation of §18 U.S.C. 2113 of multiple counts involving several Bank Robberies, and §18 U.S.C. 1951 Hobbs Acts.

    This motion for Court issued redress is being formulated after exhausting all (B.O.P.) Administrative Remedies within the Bureau Of Prisons Procedures. as cited in McGhee v. Clark @ 166, F.3d 884,886 (7th. Cir. 1998)

refer to attached exhibit:  #1.  Remedy ID 371055-FI
                                            #2.  Remedy ID 371055 AI
                                            #3.  Remedy ID 371055 RI

1.    Judgment & Commitment paper page 5,6 of 6.
        Case No. 01-40040-001
        Case No. 01-40098-001

each enters an order of Special Assessment and Restitution to be paid in the total amount of specifially; the court stated in its order on page 6 of 6 section •section Schedule of Payments
                              A. Lump sum payment of $\_\_\_.
                              due immediately, balance due.

2.    As the mere wording of IMMEDIATELY brings about an order that does impermissibly defer from the Presentence Investigation Report (section) Financial Conditions: Ability To Pay pg. 26,and delegate to the BOP, the responsibility of devising the Special Assessment, as well as the defendant Restitution Payment Schedule utilizing the Inmate Financial Responsibility Program within the BOP system, which is complex and beyond the scope of;

      United States v. Pandiello, 184 F.3d 682, 688 (7th Cir. 1998)
3. Because the payment of Due Immediately will not, and can not be actually conducted, it is comprehensible to activate a scheduled set payment schedule, and NOT leave the defendant in the hands of a system that relies on -what job-His Institution UNIT TEAM gives <u>HIM</u>: as stays inside the cited cases listed:

      U.S. v. Pandiello, No. 98-2427 (7th Cir. 1999)
      U.S. v. Corbett,  357 F.3d 194 (2nd Cir. 2004)
      U.S. v. Laws,    No. 00-1649   (2nd Cir. 2004)

4. With the imposition of the 'Judgment & Commitment' Order, this defendant has been forced under the threat of Disciplinary actions, to make (Timely) scheduled payments through the [BOP] inmate financial responsibility program policy statement. These payments has been <u>only</u> agreed upon UNDER DURESS, and fear of disciplinary administrative actions which will be sanction upon His by the UNIT TEAM (BOP) Staff, if refused.

      see Exhibit: PS 5380.07 [d] (1) (3) (5) (6)
      see Exhibit: CONTRACT exhibit 5 and 6

5. Currently the defendant earns approximately $80.00 per month with a Financial Monthly Responsibly Plan consisting of:

      see Exhibit No. 7 (Commissary)

&lt;Medical Items&gt;    &lt;Hygine Items&gt;    &lt;Clothing Items&gt; &lt;Items ect.&gt;
      £Food, Institutional Needs, and Stamps·

6. The defendant is now compelled to address this Honorable Court with the conflicts of the applied [IFRP and the BOP] daily operations here at Terre Haute, In. United States Penitentiary that this defendant was sentence to.

7. As the issue at hands started and is being addressed from 01-31-05, when this defendant had his annual scheduled '180 day' program review, and after previously comforming to a quarterly $25.00 Contract, it was then ordereed that this defendant comply with a NEW CONTRACT, of, $70.00 per quarter (see attached Exhibit No. 5) with the cycle to start 03/2005.

      Yet, on 04-28-05, this defendant was (taken out of the intended context of PS 5380.07 (b) Payment) placed in an illegal program review, &lt;inside of the six (6) months, and ordered to make monthly payments of a now $35.00 per month&gt;.    see Exhibit No. 6

and again place in this defendant file on 07/2005.
8. This Honorable Court could not have foreseen the Bop and its system of the Inmate Financial Responsibility Program to have lost its focus of assisting inmate's with court issued obligations, and not overstepping its authority and obligation surrounding its IFRP collection policy.

As this defendant (in no way) can pay either the Court Ordered Felony (Special) Assessment, nor the imposed Restitution Order which is stated for IMMEDIATE PAYMENT.

9. The Court also neglected to apply the $4.650.10 (that) was handed over to this court, to the defendant's Felony Assessment, as to the said money to this defendant restitution order goes against the, §18 U.S.C. §3612, which states clearly that the Special Assessment must first be regulated.

This petition contains several issues, as the defendant seek vindication, and a court issued set payment schedule of 10% of his monthly earnings while incarcerated.
As this would not have been an issue nor a matter of the Court, if only this court would have acted in accordance with sub-
-paragraphs, (f) (2) and (3) of §18 U.S.C. §3664.
In all aspects their is a Constitutional issue here, and a reason, as to why this motion needs to be addressed in the interest of Justice.
And for the reasons set within, it is asked that this Court (STOP), (ALL) B.O.P. functions of taking the defendant proceeds until this Honorable Court make redress to set a 'Scheduled Payment Plan'.
10. Without doudt this court retains Jurisdiction under section §3664 (K) to enter an order adjusting or fashioning 'A Payment Schedule' therefore, this court has the Exclusive Authority, as well as Jurisdiction to entertain the foregoing Motion.
11. The B.O.P., holds the assumtion that it has the sole authority to set and direct the Time and Schedule of Court Ordered Felony Assessment, Restitution Orders and Fines; as in this defendant Court Order dated: March 8th, 2002, and the Court Order of March 15, 2002.
It is now cited in several cases, and Seventh CIrcuit Law that such action by the B.O.P. diverges from the statutory requirement of rule, §18 U.S.C. §3663, and 3664.

(3)

12. Though the Restitution Order here makes it clear that the Defendant is to pay restitution <in full immediately> it does not set forth any type of provisions in the event the defendant is unable to pay <in full immediately>. As it is laced with (the IFRP) Disproportionate and inequitable consequences without a Courts Order.

And it is doudtful that this Court intended to decide at the time of Sentencing, and with the facts laid out for this court at this time, the defendant is stating that the B.O.P. IS illegally taking, and collecting payments as they see fit.

The exhibits are not insignificant details, but are actual facts and the PS.5380.07 is not being followed.

This Defendant also wishes to address a defined implicated fundamental principle of law that must be viewed, as cited in:

   U.S. v. Arellano, 137 F.3d 982, 986 (7th Cir. 1998)
   U.S. v. Pandiello, 184 F.3d 682, (7th Cir. 1999)
   U.S. v. Mortimer, 94 F.3d 91

This Defendant owes BOTH a Special Assessment, and Restitution and has been computent in being responsible, but due to fears He is at this time asking this court to take in 'all factors issued within His PSR, and take into consideration His Sentence of <LIFE> (50) yrs. that a mandate be issued of partial payments of 10% or $5.00 per month be granted while the defendant is incarcerated in the Prison System.

   This Motion does establish District Court Jurisdiction as well as Statutory Factors in, and for imposing a Court Ordered Payment Plan. As this Defendant is incapable of following the B.O.P., Bollon Payment Scheme's.

   U.S. v. Kinlock, 174 F.3d 297 (2nd 1999)
   U.S. v. Tran, 234 F.3d 789 (2nd Cir. @00)

   Wherefore, all premises considered,
This Defendant Prays for the relief requested herein.

   I, Carlos A. Bolton, Hereby Certify that
   A Correct Copy of This Motion was served to
   (via) U.S. Mail, to The United States Clerk Of Court

(4)

Respectfully Submitted

By: Carlos A. Bolton,
#36052-048
P.O.Box - 12015
Terre Haute, Ind.
47801

Dated: 07/31/2005

For The Central District Of Illinos
Rock Island Division

cc: Judge Michael M. Mihm
United States District Court

Elizabeth L. Collins
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701

Attachment 1
Page 2 (front)
THA-1330.13B

## U. S. PENITENTIARY/FEDERAL PRISON CAMP

Terre Haute, Indiana

### INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff attempt to informally resolve any issue before an inmate files a request for Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.13, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM
================================================

INMATE'S NAME: Bolton    REG. NO.: 36052-048 UNIT: F-2  102

DATE/TIME COMPLAINT RECEIVED FROM INMATE: 3/23/05 8:00Am

NATURE OF COMPLAINT: I would like to be under the Bureau Policy concerning Scheduled fine/Restitution Payments, And not Institution Policy (as ordered by Judge)

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: A check of PS 5380.07 first step error states that an inmate will be responsible for making payments of any obligations. The chart used to base FRP payments is set forth by the Central Office. The plan used is based on the Bureau Program Statement 5380.07

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION ATTEMPT: _____

_____

INFORMAL RESOLUTION WAS ACCOMPLISHED: _____
                                         DATE

INMATE'S SIGNATURE: _____
          SIGNATURE INDICATES INMATE'S ACCEPTANCE OF
                        RESOLUTION

Attachment 1
Page 2 (back)
THA-1330.13B

SECTION III. (UNIT TEAM REVIEW)

INFORMAL RESOLUTION WAS NOT ACCOMPLISHED: (✓) CHECK BOX

EXPLANATION FOR NON-RESOLUTION: TO BE COMPLETED BY COUNSELOR

Inmate was not satisfied with response

_____ EXTENSION GRANTED ON:

_____

EXTENSION GRANTED BY: _____
                        NAME AND TITLE

CORRECTIONAL COUNSELOR'S SIGNATURE: Debra Burton  DATE: 3/25/05

UNIT MANAGER'S COMMENTS, ASSISTANCE, AND REVIEW: _____

UNIT MANAGER'S SIGNATURE: _____ DATE: 3-25-05

DATE ADMINISTRATIVE REMEDY ISSUED: _____

DATE ADMINISTRATIVE REMEDY RECEIVED BACK FROM INMATE: _____

IS DTRIBUTION:

1.   IF COMPLAINT IS [...] RM [...] RESOLVED BEFORE BEING RECEIPTED, CORRECTIONAL COUNSELORS SHALL RETAIN INFORMAL RESOLUTION FORM FOR FUTURE REFERENCE.

2.   IF COMPLAINT [...] INFORMAL [...] FORWARD ORIGINAL INFORMAL RESOLUTION FORM, ATTACHED [...] TIVE REMEDY, TO

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **BOLTON, CARLOS A.**    **36052-048**    **72-102**    **USP**
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A- INMATE REQUEST** To have my FRP to read as $25/QTR as it has been, the first TWO Years!

I filed a BP-8 looking to find out if the "Minimum Acceptable Payment Plan Scale for NON-UNICOR" was policy of The Bureau, or simply a Terre Haute Scale and policy that has taken my Payment Plan for $25/QTR to $70/Q. Being that I am aware of two different adjustment scales, I felt that I needed to know, as I stayed within the boundries of my obligations and commitment of the prior contract.

March 22nd 2005                                    Carlos Antonio Bolton
DATE                                                SIGNATURE OF REQUESTER

**Part B- RESPONSE**

See attached

---

DATE                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE            CASE NUMBER: _____

                                        CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____
3/25/05
DATE                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                            BP-229(13)
                                                   APRIL 1982

Remedy ID 371055-F1

## PART B - RESPONSE

This is in response to your request for Administrative Remedy receipted March 25, 2005. In your correspondence, you request that your quarterly Inmate Financial Responsibility Payment be reduced to the minimum, $25 per quarter.

Upon review of your Judgement and Commitment Orders, Case Number 01-40098-001 and 01-40040-001, staff discovered that the sentencing judge ordered the payment of your financial obligation to be due immediately. However, due to your current financial situation, the Unit Team utilized Program Statement 5380.07, Inmate Financial Responsibility Program, and developed a financial plan that would assist you in meeting your obligation imposed by the court. This program statement also indicates that during scheduled program reviews, the Unit Team will review the inmate's assets in the community and in his commissary trust fund account when establishing or adjusting the payment plan and consider all money remaining after the exclusion of $450.00 for ITS credits. On January 31, 2005, you participated in your 180-day program review. At that time, staff reviewed your commissary trust fund account and discovered that you had $872.00 deposited in your account in the previous six months. As a result of these deposits, the Unit Team adjusted your payment plan by increasing your payment to $70 per quarter.

Accordingly, your request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Gateway Complex, Tower II, 8th Floor, 4th & State Avenue, Kansas City, Kansas 66101. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

4-14-05
Date

Mark A. Bezy, Warden

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Bolton, Carlos A.**   **36052-048**   **02-102**   **Terre Haute, USP**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** This is to focus on improprieties surrounding the methods of Collecting Payments under P.S. 5380.07 b. here @ T.H.U.S.P., as to be at each program review

\# Part B- Response clarified that on 1-31-05, I had participated in my 180-d Program Review "BP-DIR-10"

\# But, on 3-22-05, I was Programed Reviewed and my payments were elevated

\# And again on 4-28-05, I was Program Reviewed and compelled to yet another IFRP Contract of another payment increase.

\# From 1-31-05, my account has taken in and used some $2415.00, with $130.00 of the sum going toward my IFRP.

\# During which time the moth has been off and no exclusion of the ITS Credit has been utilize. \# There is nothing that adjudicates what constitute, a significant amount; and nor is there an avenue to not be penalized if funds are not incoming or deposited within a 180-Day Program Review Cycle.

05/25/05      _Carlos A. B._
DATE      SIGNATURE OF REQUESTER

**Part B—RESPONSE**



---

DATE      GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE      CASE NUMBER: **371055-A1**

**Part C—RECEIPT**
CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
USP LVN      BP-231(13) APRIL 1982

Administrative Remedy No. 371055-A1
Part B - Response

You contend the Inmate Financial Responsibility Program (IFRP) is unconstitutional in that the Bureau of Prisons has no authority to establish a payment plan through which you may address your financial obligations. You also contend that only institution wages may be considered when determining the IFRP payment amount. You request to be placed in IFRP "exempt" status.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. Program Statement 5280.07, <u>Financial Responsibility Program, Inmate</u> (IFRP), establishes the procedure by which an inmate may make effort toward meeting their legitimate financial obligations. Payment amounts are based on a formula contained within this Program Statement which considers all monies received. The courts have upheld the authority of the Bureau of Prisons to collect court-ordered financial obligations through the IFRP and have consistently found that the IFRP procedures are lawful and Constitutional.

The payment formula has been correctly computed. We'll reconstruct it for you here. Your six-month deposits totaled $872.00. Subtracting for ITS purchases ($450.00) and IFRP payments made during the past six months ($50.00) leaves $372.00. Dividing $372.00 by six months equals $62.00 per month available for IFRP payments. The request by your unit team that you pay merely $70.00 each quarter is quite a bargain.

Inmate participation in the IFRP is completely voluntary, but failure to make satisfactory progress toward meeting financial obligations may result in the limitation of certain privileges reflective of a demonstration of poor responsibility.

Your appeal is denied.

July 20, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

**U.S. Department of Justice**
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Bolton, Carlos A.**     36052-048     F2/102L     U.S.P. Terre Haute
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL** To pay $25.00 a quarter in accordance with the B.O.P. policy
    On January 31, 2005 I participated in my 180 day program review. At that time my commissary account was reviewed by the Unit Team. Because my previous six month total was $872.00 the Unit Team, using a calculation chart exclusive to U.S.P. Terre Haute, erroneously increased my payment plan to $70.00 a quarter. (see chart)
    The Unit Team **did not** utilize the I.F.R.P. program statement 5380.07 which sets forth a clear procedure in determining what must be deducted from the previous six month total. Unfortunately **none** of these deductions were subtracted from my $872.00. (see program statement 5380.07 p.5)
    If the Unit Team would have made these mandatory deductions the remaining balance would have been $372.00. Therefore, based on the chart used by my Unit Team I would only be obligated to pay $25.00 a quarter.

April 25th 2005
DATE

Carlos Antonio Bolton
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

APR 27 2005

MAY 1 2 2005

SEE ATTACHED RESPONSE

DATE                                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: **371055-R1**

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____     _____
USP LVN    DATE                                   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Admin Remedy Number:** 371055-R1

This is in response to your Regional Administrative Appeal dated April 25, 2005, in which you state your Inmate Financial Responsibility Program (IFRP) payment plan was changed from $25.00 per quarter to $70.00 per quarter.

We have reviewed your appeal. The IFRP is predicated upon several pieces of legislation requiring a diligent effort on the part of law enforcement officials to collect court-ordered financial obligations. As of the date of this writing, these laws have not been repealed or amended, and they continue to require a diligent effort by staff to collect funds. The Bureau of Prisons is well within the scope of law to encourage you to address your financial obligations, assess your ability to pay, and to establish an appropriate payment plan. You have had significant funds deposited into your inmate trust fund account. As funds deposited in your account fluctuate, your payment plan may be changed during your normal inmate program review. Your payment plan is viewed as appropriate at this time.

Please be reminded your participation is not mandatory; however, non-participation will be considered as a refusal to participate, and you will not be considered for various program privileges as outlined in policy. A denial of privileges should not be misconstrued as a denial of your rights. Institution staff have acted in accordance with agency policy, and the institution's decision is supported.

Based on the above information, your Regional Administrative Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. You appeal must be received in the Office of General Counsel within 30 days from the date of this response.

5/11/05
Date

Delivered 5-24-05
G. Harlow

Michael K. Nalley, Regional Director (acting)

PAGE NO: 001

INMATE FINANCIAL CONTRACT

REGISTER NUMBER: 36052-048
INMATE NAME....: BOLTON, CARLOS ANTONIO
FACILITY.......: TERRE HAUTE USP

A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S) INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW. I AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT CONTRACT WILL AUTOMATICALLY STOP AND NO FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT. IN THE EVENT THAT I AM RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE CONTRACT WILL NOT TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I WISH THE CONTRACT TO TERMINATE.

PAYMENT METHOD...:    AMT/PCT: 70    FREQ: QU    ORIGIN: TT
START CYCLE......: 03 2005
INMATE DECISION..: Ow
OBLIGATION NUMBER: 1 3 24 __ __ __ __ __ __ __ __
                   __ __ __ __ __ __ __ __ __ __

INMATE SIGNATURE.......: X_____    DT SIGNED: _____

STAFF WITNESS SIGNATURE: _____    DT SIGNED: _____

1171.60

PAGE NO: 001

INMATE FINANCIAL CONTRACT

REGISTER NUMBER: 36052-048
INMATE NAME....: BOLTON, CARLOS ANTONIO
FACILITY.......: TERRE HAUTE USP

A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW.  I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT CONTRACT WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT.  IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE CONTRACT WILL NOT
TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY
PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I
WISH THE CONTRACT TO TERMINATE.

PAYMENT METHOD...:   AMT/PCT: $35          FREQ: MO          ORIGIN: TF
START CYCLE......:   5-2005
INMATE DECISION..:   Agreed
OBLIGATION NUMBER:   1  3  2  4

INMATE SIGNATURE.......: Carlos (Under Duress) Bolton  Signed    DT SIGNED: 4/27/05
STAFF WITNESS SIGNATURE: D. Benton                               DT SIGNED: 4/27/05

```
                                                        PAGE NO: 002  OF 002
                        INMATE FINANCIAL CONTRACT

REGISTER NUMBER: 36052-048
INMATE NAME....: BOLTON, CARLOS ANTONIO
FACILITY.......: TERRE HAUTE USP

- - - - - - - - - - - - - FINANCIAL OBLIGATIONS OWED - - - - - - - - - - - -
OBLG     OBLIGATION TYPE                     BALANCE    PAYABLE       COJ
   1 ASSESSMENT USDC                          355.00    IMMEDIATE     FILC
   3 ASSESSMENT USDC                          900.00    IMMEDIATE     FILC
   2 RESTITUTION FEDERAL VICTIM USDC        57484.00    IMMEDIATE     FILC
   4 RESTITUTION FEDERAL VICTIM USDC        10935.24    IMMEDIATE     FILC
```