E-FILED
Monday, 19 November, 2007  02:57:15 PM
Clerk, U.S. District Court, ILCD

FILED
NOV 1 9 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS ANTONIO BOLTON, ) | |
| PETITIONER, ) | |
| ) | |
| ) | |
| V. ) | CASE NO. 01-CR-40040 |
| ) | 01-CR-40098 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| RESPONDENT. ) | |

### MOTION FOR RE-SENTENCING HEARING

NOW COMES PETITIONER, CARLOS A. BOLTON, (ACTING PRO SE) AND MOVES THIS HONORABLE COURT FOR A RE-SENTENCING HEARING PURSUANT TO §18 U.S.C. §3742(A) (1) (2), AS PRESENTED WITH THE FOLLOWING ENCLOSED REASONINGS;

The use of restitution as part of a sentence is governed by §18 U.S.C. §3663 and §3664.
Section §3664 (a) states the following:
The court, in determining whether to order restitution under section §3364 of this Title, and the Amount of such Restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the Financial Resources of the Defendant, the Financial Needs, and earning ability of the Defendant and the Defendant.s dependents, and such other factors as the court deems appropriate.
[Also]  U.S.S.G., §5E1.1 establishes rules for the District Court to consider when imposing RESTITUTION.  One element which must be considered is the Financial condition, and the Ability of the Defendant to pay.
The record in this case demonstrates that the District Court failed to adequately consider the statutory factor of ability to pay under §18 U.S.C. §3664 (a).

As well as, the Bureau of Prison Policy Statement No. 5380.07 (9) (which together) and on it;s face, constitutes an abuse of discretion requiring a remand for re-sentencing, modification in accordance wiht the statute.

The appellant in his motion challenges the execution of his sentence, and the use of the Inmate Financial Responsibility Program Mang., and the American Jurisprudence (819), second, Criminal Law, as the section does clearly define intent (as) reading:

"A High degree of exacitude is required in the pronouncement of Judgment imposing Penal Servitude, and a Sentence should be definite, certain and not dependent upon any tangency or condition."

*It should clearly reveal the intention of the court as to the punishment to be inflicted.  21 Q. Am. Jur. 2d Crim. Law §819

*This a matterof, and pertaining to the appellant RESTITUTION / Court Assessment Order, as cited in U.S. v. Wells, 177 F.3d 603 (7th Cir. 1999)

*In this case an order was set within the J/C Order that the appellant pay **immediately**, and list as its **Special Instructions**, that a sum of $4.650.10 which was in the custody of the FBI be provided to the Clerk of Court to be applied to the appellant **restitution**. (Which clearly violates the structure of §18 U.S.C 3612 (c) which confirms that the appellant must first pay off any, and all **special assessment**)

See, Judgment & Commitment Order pg. 5 thru 6

*§18 U.S.C. §3664 (B) (2) must also be acknowledge, as it states: Upon determination of the amount of restitution owed to **each victim**, the court shall < pursuant to section §3572 > **specify** in the restitution order <u>the manner in which, and the schedule</u> according to which, the restitution is to be paid -------

§18 U.S.C. 3664 (B) (3) (A) states to the fact that:

A restitution order may direct the defendant to make **a single lump sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.**

*No instructions outside of (Due Immediately) was given to the **custodian** (Bureau Of Prisons) to schedule and set an amount in the act of collecting the Financial Responsibility in the Court Assessmen and Restitution Payment Plan.

see, U.S. v. Pandiello, 184 F.3d 682,688 (7th Cir. 1998)

(2)

*The appellant is now contending with contingencies and acts of conditions that must be addressed and looked at, as the court is now asked to re'address the initial Judgment & Commitment Order.
see, §18 U.S.C. 3612 (C)
See, Clay v. Scibana <04-C-631-C>
This defect is significant enough to constitute plain error.
as 1. to length of time over which scheduled payments will be made -shall be set by the court.
as 2. explicit instructions (if) due immediately was not colleted.
as 3. imposes atypical and significant hardship on the appellant in relation to the ordinary incidents of prison life.

note: the appelant is no'longer in the custody of his initial facility, as the appellant was compelled to be transferred, and now understands that he is not guaranteed a set living facility during his incarceration.

BY the Rules and Jurisdiction of this Court this appellant only seek redress to exercise his rights and having exhausted his formal administrative remedies, he now ask this Honorable Court to make a **fair** and just ruling, and set a Quarterly Deduction of 5% of his set wages, to be applied to his payments of Court Assessment, and then to his Restitution Order.
As set and stuctured payment (plan) during his incarceration.


CARLOS A. BOLTON #36052 - 048                    NOVEMBER 7th 2007


CC: Clerk , U.S. District Court, ILCD
CC: Jeffrey B. Lang, U.S. Atty.
    1830 2nd ave.
    R.I., IL 61201 - 8003
CC: Richard J. Carroll, Chief U.S. Probation Officer
    100 N.E. Monroe  Suite 314
    Peoria, IL 61602

CC: file

*signature* 11-13-07
SIGNATURE   DATED

## In Forma Pauperis Affidavit

I hereby apply for leave to proceed with this petition without prepayment of fees or costs or giving security therefor. In support of my application, I state under oath that the following facts are true:

(1)  I am the petitioner in this petition and I believe that I am entiltled to redress.

(2)  I am unable to prepay the costs of said action, or give security therefore, because: I am Financially incapable.

(3)  I have no assets or funds which could be used to prepay the fees or costs except: Prison Inmate Wages of 17¢ per hour


CARLOS A. BOLTON
#36052-048


"I declare under penalty of perjury that the statements made in the petition and in the in dorma pauperis affidavit are true and correct."


Executed on:   Nov. 14th  2007


_____
(signature)


### CERTIFICATE

I hereby certify that the movant herein has the sum of $2.77 on account to his credit at the U.S.P. Coleman II institution where he is confined.

I further certify that the movant likewise has the following securities to his credit according to the records of said institution: _____

Remedy ID 371055-F1

## PART B - RESPONSE

This is in response to your request for Administrative Remedy receipted March 25, 2005. In your correspondence, you request that your quarterly Inmate Financial Responsibility Payment be reduced to the minimum, $25 per quarter.

Upon review of your Judgement and Commitment Orders, Case Number 01-40098-001 and 01-40040-001, staff discovered that the sentencing judge ordered the payment of your financial obligation to be due immediately. However, due to your current financial situation, the Unit Team utilized Program Statement 5380.07, Inmate Financial Responsibility Program, and developed a financial plan that would assist you in meeting your obligation imposed by the court. This program statement also indicates that during scheduled program reviews, the Unit Team will review the inmate's assets in the community and in his commissary trust fund account when establishing or adjusting the payment plan and consider all money remaining after the exclusion of $450.00 for ITS credits. On January 31, 2005, you participated in your 180-day program review. At that time, staff reviewed your commissary trust fund account and discovered that you had $872.00 deposited in your account in the previous six months. As a result of these deposits, the Unit Team adjusted your payment plan by increasing your payment to $70 per quarter.

Accordingly, your request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Gateway Complex, Tower II, 8th Floor, 4th & State Avenue, Kansas City, Kansas 66101. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

4-14-05
Date

Mark A. Bezy, Warden

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

**Admin Remedy Number:** 371055-R1

This is in response to your Regional Administrative Appeal dated April 25, 2005, in which you state your Inmate Financial Responsibility Program (IFRP) payment plan was changed from $25.00 per quarter to $70.00 per quarter.

We have reviewed your appeal. The IFRP is predicated upon several pieces of legislation requiring a diligent effort on the part of law enforcement officials to collect court-ordered financial obligations. As of the date of this writing, these laws have not been repealed or amended, and they continue to require a diligent effort by staff to collect funds. The Bureau of Prisons is well within the scope of law to encourage you to address your financial obligations, assess your ability to pay, and to establish an appropriate payment plan. You have had significant funds deposited into your inmate trust fund account. As funds deposited in your account fluctuate, your payment plan may be changed during your normal inmate program review. Your payment plan is viewed as appropriate at this time.

Please be reminded your participation is not mandatory; however, non-participation will be considered as a refusal to participate, and you will not be considered for various program privileges as outlined in policy. A denial of privileges should not be misconstrued as a denial of your rights. Institution staff have acted in accordance with agency policy, and the institution's decision is supported.

Based on the above information, your Regional Administrative Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. You appeal must be received in the Office of General Counsel within 30 days from the date of this response.

5/11/05
Date

Delivered 5-24-05
G. Harlow

Michael K. Nalley, Regional Director

Administrative Remedy No. 371055-A1
Part B - Response

You contend the Inmate Financial Responsibility Program (IFRP) is unconstitutional in that the Bureau of Prisons has no authority to establish a payment plan through which you may address your financial obligations. You also contend that only institution wages may be considered when determining the IFRP payment amount. You request to be placed in IFRP "exempt" status.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. Program Statement 5280.07, _Financial Responsibility Program, Inmate_ (IFRP), establishes the procedure by which an inmate may make effort toward meeting their legitimate financial obligations. Payment amounts are based on a formula contained within this Program Statement which considers all monies received. The courts have upheld the authority of the Bureau of Prisons to collect court-ordered financial obligations through the IFRP and have consistently found that the IFRP procedures are lawful and Constitutional.

The payment formula has been correctly computed. We'll reconstruct it for you here. Your six-month deposits totaled $872.00. Subtracting for ITS purchases ($450.00) and IFRP payments made during the past six months ($50.00) leaves $372.00. Dividing $372.00 by six months equals $62.00 per month available for IFRP payments. The request by your unit team that you pay merely $70.00 each quarter is quite a bargain.

Inmate participation in the IFRP is completely voluntary, but failure to make satisfactory progress toward meeting financial obligations may result in the limitation of certain privileges reflective of a demonstration of poor responsibility.

Your appeal is denied.

July 20, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals