E-FILED
Friday, 04 January, 2008  02:35:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS ANTONIO BOLTON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 01-40098 |
| | )           01-40040 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MOTION TO DISMISS MOTION FOR
<u>RE-SENTENCING HEARING</u>**

Now comes the respondent, United States of America, by and through its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Jeffrey B. Lang, Assistant United States Attorney, and moves to dismiss the motion filed herein by petitioner, Carlos Antonio Bolton, for lack of jurisdiction. The motion should be construed as a motion under 28 U.S.C. § 2241, as it relates to the execution of the restitution portion of Bolton's sentence by the Bureau of Prisons. Accordingly, this Court does not have jurisdiction to consider the relief requested.

**Procedural Background**[1]

Bolton pleaded guilty in Central District of Illinois Case No. 01-40040 to multiple counts of Bank Robbery, Obstruction of Commerce by Robbery, and aggravated Bank Robbery. He also pleaded guilty in Central District of Illinois Case No. 01-40098 to multiple counts of Obstruction of Commerce by Robbery. On February 28, 2002, he was sentenced to 50 years of imprisonment in each case,

---

[1] References to documents in the appendix to this motion are to "App.___".

to run concurrently with each other, 5 years of court supervision to run concurrently, a combined special assessment of $1,600.00 and combined total restitution in the amount of $68,419.24.  This Court also ordered the amount of $4,650.10 held by the Federal Bureau of Investigation to be applied to the restitution in both cases.  No direct appeal was filed.

On August 3, 2004, Bolton filed a petition in the Central District of Illinois, Case No. 04-4050, entitled Motion Under Rule 28 U.S.C. 2255. (App.8,R.1) In it, he sought collateral review of his conviction and sentence based on *Blakely v. Washington,* 542 U.S. 296 (2004). The district court found that Bolton was sentenced on February 28, 2002, and the § 2255 petition was not filed until August 3, 2004.  Further, *Blakely* had not been made retroactive by the Supreme Court, so Bolton could not benefit from subparagraph (3) of the limitation section of § 2255.  Accordingly, on August 23, 2004, the district court found Bolton's motion to be untimely and without merit, and dismissed it without prejudice. (App.11-17)

On November 17, 2004, Bolton then filed a Motion for Resentencing Hearing, which the court construed as a Notice of Appeal and Request for Certificate of Appealability as to the dismissal of the § 2255 motion. (App.9,R.5) By Order dated November 18, 2004, the district court found no showing of the denial of a constitutional right, found the notice of appeal untimely, and denied the request for certificate of appealability.  (App.18-20)

Bolton appealed the denial of the request for certificate of appealability to the Seventh Circuit Court of Appeals, docketed on November 22, 2004, as Case No.04-3986. (App.22)  On November 29, 2004, the Court of Appeals ordered Bolton to file a memorandum why the appeal should not be dismissed for lack of jurisdiction. (App.22)  On December 10, 2004, Bolton filed a docketing statement with the Court of Appeals. (App.23)  On February 3, 2005, the appeal was dismissed for lack of jurisdiction. (App.23)

Bolton then filed, on November 7, 2005, a Petition for Writ of Habeas Corpus in the Southern District of Indiana, Case No. 05-CV-00267.  (App.26-28) He sought modification of the restitution payment amounts and schedule implemented by the Bureau of Prisons.  By order dated January 3, 2006, the district court in the Southern District of Indiana found that Bolton was not entitled to relief.  The petition was denied and dismissed with prejudice. (App.29-30)

Bolton appealed the denial of his habeas petition, docketed in the Seventh Circuit Court of Appeals on January 17, 2006, as Case No.06-1178.  (App.31-33) On March 6, 2006, he filed a Motion to proceed in forma pauperis, which the court denied on April 14, 2006, and ordered Bolton to pay the filing fee.  On May 30, 2006, the Seventh Circuit Court of Appeals dismissed the appeal pursuant to Circuit Rule 3(b) (failure to pay the docketing fee).  (App.33)

On November 19, 2007, Bolton filed the current Motion for Re-sentencing Hearing in Central District of Illinois Cases No. 04-40098 and 04-40040,

3

challenging the execution of his sentence and the use of the Inmate Financial Responsibility Program. (App.4,R.31;App.7,R.16) Attached to Bolton's motion are the Bureau of Prison responses to his request for administrative remedies, dated in April, May and July of 2005. The attachments are presumably evidence that Bolton had exhausted his administrative remedies, a requirement prior to filing a habeas petition. *See Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (Exhaustion of administrative remedies is mandatory).

This Court has ordered the government to respond to the motion by January 4, 2008.

**Analysis**

Because § 3742(a)(1)and (2) does not provide any basis for relief for Bolton, because the relief he seeks is clearly challenging the execution of his confinement and such relief must be pursued through a § 2241 petition in the district of confinement, and because this motion represents a second or successive § 2241 petition, in violation of 28 U.S.C. § 2244(a), this Court should dismiss Bolton's pending motion for lack of jurisdiction.

**I. Section 3742(a)(1) and (2) provides no relief for Bolton**

Bolton has filed the motion based on 18 U.S.C. § 3742(a)(1) and (2), which provides: "A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines."

The section cited by Bolton, § 3742, is a route for a direct appeal, not an avenue to review the denial of a collateral attack. *Jackson v. United States*, 463 F.3d 635, 638 (7th Cir. 2006) *citing United States v. Rand*, 403 F.3d 489, 493 (7th Cir. 2005); *United States v. Bass*, 325 F.3d 847, 849 (7th Cir. 2003).

Specifically, Bolton claims in his motion that this Court erred when it ordered restitution to be paid "immediately" and provided no payment schedule. However, the sentencing court had the option, but not the duty to provide for payment in installments. *See* 18 U.S.C. § 3572(d)(1); *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1998). It was proper for the court to require immediate payment as authorized by § 3572. *Id.*

Further, Bolton makes no claim that the sentencing guidelines were incorrectly applied. Therefore § 3742(a)(1) and (2) are not applicable here.

**II. Bolton's motion is a § 2241 petition, and must be filed in the district of his confinement.**

The motion for re-sentencing challenges the execution of Bolton's sentence, and the use of the Inmate Financial Responsibility Program. Bolton seeks to have this Court modify the restitution portion of the judgment, and order him to make quarterly restitution payments of five percent (5%) of his set prison wages. That challenge is clearly attacking the execution of his sentence and must be brought under 28 U.S.C. § 2241, not 18 U.S.C. § 3742(a)(1) and (2). This Court therefore lacks jurisdiction.

The label that a *pro se* litigant places upon a pleading does not control. *See Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). Instead, the nature of the pleading is defined by the relief that the pleading seeks. *Id.* (citing *Thurman v. Gramley,* 97 F.3d 185, 187 (7th Cir. 1996). Here, Bolton challenges the amount and manner of withholding of restitution from his prison pay by the Bureau of Prisons. He simply attaches a different label to the same claim he made in his prior § 2241 petition in the Southern District of Indiana, the district of Bolton's confinement at that time. (App.26-28)

Bolton's motion challenges the execution of his sentence and is properly characterized as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir. 2002) (inmates' challenges to IFRP payment schedules "concern the execution of sentence, and are therefore correctly framed as § 2241 claims"); *McGhee*, 166 F.3d at 885-87 (such challenge will only be considered if filed in the district of confinement).

Motions pursuant to 28 U.S.C. § 2241 must be filed in the district of confinement, since the proper venue to adjudicate a motion under § 2241 is the district having jurisdiction over the defendant's custodian. 28 U.S.C. § 2241, *See, Moore v. Olson,* 368 F.3d 757,759-60 (7th Cir.2004); *McGhee*, 166 F.3d at 885-87. Bolton is currently incarcerated at FCC - USP Coleman, in Coleman, Florida. Therefore, the appropriate venue for any motion challenging the execution of Bolton's sentence is now with the Middle District of Florida.

6

### III. The motion is a successive § 2241 petition, and must be dismissed pursuant to § 2244(a)

Moreover, even if venue in the Central District of Illinois were proper, the petition should still be dismissed, as successive petitions directed at the same issue are barred pursuant to 28 U.S.C. § 2244(a).

Section 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

The Seventh Circuit Court of Appeals, along with other circuits, has acknowledged that § 2244(a) bars successive petitions under § 2241 which are directed at the same issue. *See Dunlap v. Litschher*, 301 F.3d 873, 876 (7th Cir. 2002) (district court did not have jurisdiction to consider second habeas application that simply reasserted claims alleged in first application); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) (2244(a) bars successive petitions directed to same issue); *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995); *Tubwell*, 37 F.3d at 177-78; *Glumb v. Honstead*, 891 F.2d 872 (11th Cir. 1990); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (holding that the AEDPA allowed for modified principles of *res judicata* to the analysis of habeas petitions).

Bolton has previously filed a petition under § 2241 in the Southern District of Indiana, seeking modification of the restitution withheld from his prison pay

7

by the Bureau of Prisons.  (App.26-28)  Pursuant to § 2244(a), any subsequent petition seeking repeated inquiry must be dismissed.

**Conclusion**

For the foregoing reasons, the Motion for Re-Sentencing Hearing should be dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY

s/ Jeffrey B. Lang
Jeffrey B. Lang
Assistant United States Attorney
1830 2nd Avenue, Suite 320
Rock Island, IL 61201
Telephone:  309/793-5884

## CERTIFICATE OF SERVICE

      I hereby certify that on January 4, 2008, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy of the Motion to Dismiss has been made on the petitioner by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

    Carlos Antonio Bolton, Reg. No. 36052-048
    FCC - USP II
    P.O. Box 1034
    Coleman, FL 33521

                                       /s/ Glenda Verbeke
                                       Glenda Verbeke
                                       Paralegal Specialist