E-FILED
Friday, 04 January, 2008 02:36:17 PM
Clerk, U.S. District Court, ILCD

CLOSED

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Rock Island)
## CRIMINAL DOCKET FOR CASE #: 4:01-cr-40040-MMM All Defendants

Case title: USA v. Bolton
Magistrate judge case number: 4:01-mj-06418

Date Filed: 07/18/2001
Date Terminated: 05/05/2004

Assigned to: Judge Michael M. Mihm

### Defendant (1)

**Carlos Antonio Bolton**
*TERMINATED: 05/05/2004*

represented by **George F Taseff**
FEDERAL PUBLIC DEFENDER
Suite 1500
401 Main St
Peoria, IL 61602
309-671-7891
Fax: 309-671-7891
Email: George_Taseff@fd.org
*TERMINATED: 09/14/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Ivan Darnell Davis**
FEDERAL PUBLIC DEFENDER
Suite 1500
401 Main St
Peoria, IL 61602
(309) 671-7891
*TERMINATED: 09/14/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**James Bryson Clements**
1503 Brady Street
Davenport, IA 52803-4622
563-323-9715
Fax: 563-323-7452
Email: jbclements@iabar.org
*LEAD ATTORNEY*

**App.1**

ATTORNEY TO BE NOTICED
Designation: CJA Appointment

**Pending Counts**

18:2113A.F BANK ROBBERY BY
FORCE OR VIOLENCE 18:2113(a) Ct
1- On or about 2/8/01; Ct 2- On or
about 2/27/01; Ct 3- On or about 4/9/01
Bank Robbery
(1-3)

18:1951.F INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE 18:1951 On or about
5/19/01 obstruction of commerce by
Robbery
(4)

18:1951.F INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE 18:1951 On or about
5/23/01 obstruction of commerce by
robbery
(6)

18:1951.F INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE 18:1951 On or about
6/5/01 obstruction of commerce by
robbery
(8)

18:2113A.F BANK ROBBERY BY
FORCE OR VIOLENCE 18:2113(a)
and (d) On or about 6/6/01 Armed Bank
Robbery
(10)

**Disposition**

Dft committed to custody of Bureau of
Prisons for a term of 50 years ; 5 years
supervised release on each of counts 1-
4, 6, 8 and 10 to run concurrently; $700
special assessment; $57,484.00
restitution

Dft committed to custody of Bureau of
Prisons for a term of 50 years ; 5 years
supervised release on each of counts 1-
4, 6, 8 and 10 to run concurrently; $700
special assessment; $57,484.00
restitution

Dft committed to custody of Bureau of
Prisons for a term of 50 years ; 5 years
supervised release on each of counts 1-
4, 6, 8 and 10 to run concurrently; $700
special assessment; $57,484.00
restitution

Dft committed to custody of Bureau of
Prisons for a term of 50 years ; 5 years
supervised release on each of counts 1-
4, 6, 8 and 10 to run concurrently; $700
special assessment; $57,484.00
restitution

Dft committed to custody of Bureau of
Prisons for a term of 50 years ; 5 years
supervised release on each of counts 1-
4, 6, 8 and 10 to run concurrently; $700
special assessment; $57,484.00
restitution

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:924C.F VIOLENT
CRIME/DRUGS/MACHINE GUN
18:924(c) On or about 5/19/01
Brandishing of Firearm During Robbery
(5)

18:924C.F VIOLENT
CRIME/DRUGS/MACHINE GUN

**Disposition**

Counts dismissed pursuant to
sentencing order on 2/28/02

**App.2**

18:924(c) On or about 5/23/01
Brandishing of firearm during robbery
(7)

Counts dismissed pursuant to
sentencing order on 2/28/02

18:924C.F VIOLENT
CRIME/DRUGS/MACHINE GUN
18:924(c) On or about 6/5/01
Brandishing of firearm during robbery
(9)

Counts dismissed pursuant to
sentencing order on 2/28/02

18:924C.F VIOLENT
CRIME/DRUGS/MACHINE GUN
18:924(c) On or about 6/6/01
Brandishing of firearm during robbery
(11)

Counts dismissed pursuant to
sentencing order on 2/28/02

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                    **Disposition**

None

---

**Plaintiff**

**USA**                    represented by  **Jeffrey B Lang**
                                            US ATTY
                                            1830 2nd Avenue
                                            Rock Island, IL 61201-8003
                                            309-793-5884
                                            Fax: 309-793-5895
                                            Email: jeffrey.lang2@usdoj.gov
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2004 | 26 | MOTION for Release of all Documentation by Carlos Antonio Bolton. (DK, ilcd) (Entered: 07/23/2004) |
| 08/10/2004 | 27 | ORDER Entered by Judge Michael M. Mihm on 8/10/04. Court is granting in part and denying in part 26 Motion for release of all records as to Carlos Antonio Bolton(1). The Clerk is directed to mail the file to the Warden of Terre Haute for inspection by the dft. The Warden shall return the file to this court by 8/31/04.(DK, ilcd)(cc: all counsel/dft/Warden of Terre Haute) (Entered: 08/13/2004) |
| 08/13/2004 | | Remark: Criminal file 01-40040 and 01-40098 were sent by certified mail to the Warden at FCI Terre Haute along with a copy of the Court's order on 8/13/04 (DK, ilcd) (Entered: 08/13/2004) |

**App.3**

| 08/18/2004 | 28 | Receipt from Certified Mail for receipt of case files 01-40040 and 01-40098 by the Warden of Terre Haute, IN as to Carlos Antonio Bolton. (DK, ilcd) (Entered: 08/19/2004) |
| 09/01/2004 | | Remark: File returned from FCI Terre Haute after review by dft (DK, ilcd) (Entered: 09/01/2004) |
| 05/02/2005 | 29 | Letter from Carlos Bolton re: financial penalties payment plan. (DK, ilcd) (Entered: 05/02/2005) |
| 09/07/2005 | 30 | MOTION to Amend/Correct 18 Judgment by Carlos Antonio Bolton. (DK, ilcd) (Entered: 09/08/2005) |
| 09/21/2005 | | Text ORDER denying 30 Motion to Amend/Correct as to Carlos Antonio Bolton (1). Entered by Judge Michael M. Mihm on 9/21/05. (c: All Counsel) (CG, ilcd) (Entered: 09/21/2005) |
| 11/19/2007 | 31 | MOTION for Re-Sentencing Hearing by Carlos Antonio Bolton. (DK, ilcd) (Entered: 11/19/2007) |

CLOSED

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Rock Island)
### CRIMINAL DOCKET FOR CASE #: 4:01-cr-40098-MMM All Defendants

Case title: USA v. Bolton
Other court case number: 3:01-cr-00226 4 Iowa Southern

Date Filed: 12/06/2001
Date Terminated: 05/05/2004

Assigned to: Judge Michael M. Mihm

**Defendant (1)**

**Carlos Antonio Bolton**
*TERMINATED: 05/05/2004*

represented by **James Bryson Clements**
1503 Brady Street
Davenport, IA 52803-4622
563-323-9715
Fax: 563-323-7452
Email: jbclements@iabar.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:1951.F INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE, Ct 1 on or about 3/23/01;
Ct 2 on or about 4/6/01, Ct 3 on or
about 4/8/01, Ct 4 on or about 4/19/01,
Ct 5 on or about 5/6/01, Ct 6 on or
about 5/8/01, Ct 7 on or about 5/11/01,
Ct 8 on or about 5/17/01,Ct 9 on or
about 5/19/01 and Ct 10 on or about
6/3/01 Obstruction of Justice by
Robbery
(1-3)

18:1951.F INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE, Ct 1 on or about 3/23/01;
Ct 2 on or about 4/6/01, Ct 3 on or
about 4/8/01, Ct 4 on or about 4/19/01,
Ct 5 on or about 5/6/01, Ct 6 on or
about 5/8/01, Ct 7 on or about 5/11/01,

**Disposition**

Dft committed to custody of Bureau of
Prisons for a term of 50 years on each
count to run concurrently with each
other and with sentence imposed in 01-
40040; 5 years supervised release on
each Count to run concurrently with
each other and with senten ce in 01-
40040; $900 special assessment;
$10,935.24 restitution ( The $4,650.10
currently in custody of the FBI shall be
turned over to the Clerk of the Court for
payment toward restitution in this case
and in 01-40040).

Dft committed to custody of Bureau of
Prisons for a term of 50 years on each
count to run concurrently with each
other and with sentence imposed in 01-
40040; 5 years supervised release on
each Count to run concurrently with
each other and with senten ce in 01-
40040; $900 special assessment;

**App.5**

Ct 8 on or about 5/17/01, Ct 9 on or about 5/19/01 and Ct 10 on or about 6/3/01 Obstruction of Justice by Robbery
(5-10)

$10,935.24 restitution ( The $4,650.10 currently in custody of the FBI shall be turned over to the Clerk of the Court for payment toward restitution in this case and in 01-40040).

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1951.F INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE, Ct 1 on or about 3/23/01; Ct 2 on or about 4/6/01, Ct 3 on or about 4/8/01, Ct 4 on or about 4/19/01, Ct 5 on or about 5/6/01, Ct 6 on or about 5/8/01, Ct 7 on or about 5/11/01, Ct 8 on or about 5/17/01, Ct 9 on or about 5/19/01 and Ct 10 on or about 6/3/01 Obstruction of Justice by Robbery (4) | Ct 4 dismissed without prejudice on motion of dft |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

USA                    represented by    **Jeffrey B Lang**
US ATTY
1830 2nd Avenue
Rock Island, IL 61201-8003
309-793-5884
Fax: 309-793-5895
Email: jeffrey.lang2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2004 | 13 | MOTION for Release of All Documentation by Carlos Antonio Bolton (pro-se) (DK, ilcd) (Entered: 07/23/2004) |

**App.6**

| | | |
|---|---|---|
| 08/13/2004 | | TEXT ONLY ORDER Entered by Judge Michael M. Mihm on 8/13/04. Pursuant to the order entered in 01-40040, Court isgranting in part and denying in part 13 Motion release of all records as to Carlos Antonio Bolton (1). The file in this case will be released to the Warden of Terre Haute FCI for inspection by the dft. The Warden shall return said file to this office by 8/31/04.(DK, ilcd)(cc: all counsel/dft/Warden of Terre Haute) (Entered: 08/13/2004) |
| 09/01/2004 | | Remark: File returned from FCT Terre Haute after review by dft (DK, ilcd) (Entered: 09/01/2004) |
| 05/02/2005 | 14 | Letter from Carlos Bolton re: financial penalties payment plan. (DK, ilcd) (Entered: 05/02/2005) |
| 09/07/2005 | 15 | MOTION to Amend/Correct 10 Judgment by Carlos Antonio Bolton. (DK, ilcd) (Entered: 09/08/2005) |
| 09/21/2005 | | Text ORDER denying 15 Motion to Amend/Correct as to Carlos Antonio Bolton (1). Entered by Judge Michael M. Mihm on 9/21/05. (c: All Counsel (CG, ilcd) (Entered: 09/21/2005) |
| 11/19/2007 | 16 | MOTION for Re-Sentencing Hearing by Carlos Antonio Bolton. (DK, ilcd) (Entered: 11/19/2007) |
| 12/10/2007 | | TEXT ONLY ORDER directing Government to respond to Defendant's Motion for Re-Sentencing Hearing on or before Miscellaneous Deadline 1/4/2008. Entered by Judge Michael M. Mihm on 12/10/07. (MMM2, ilcd) (Entered: 12/10/2007) |

12, APPEAL, CLOSED, HABEAS

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Rock Island)
## CIVIL DOCKET FOR CASE #: 4:04-cv-04050-MMM

Bolton v. USA

Assigned to: Judge Michael M. Mihm

Case in other court: 04-03986

Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 08/03/2004

Date Terminated: 08/23/2004

Jury Demand: None

Nature of Suit: 510 Prisoner: Vacate Sentence

Jurisdiction: U.S. Government Defendant

**Petitioner**

**Carlos Antonio Bolton**                   represented by   **Carlos Antonio Bolton**
36052-048
TERRE HAUTE
US Penitentiary
PO Box 33
Terre Haute, IN 47808
812-238-1531
PRO SE

V.

**Respondent**

**USA**                   represented by   **Jeffrey B Lang**
US ATTY
1830 2nd Avenue
Rock Island, IL 61201-8003
309-793-5884
Fax: 309-793-5895
Email: jeffrey.lang2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/03/2004 | 2 | MOTION for Leave to Proceed in forma pauperis by Petitioner Carlos Antonio Bolton. Responses due by 8/18/2004 (TP, ilcd) (Entered: 08/04/2004) |
| 08/03/2004 | 1 | MOTION to Vacate, Set Aside or Correct Sentence (2255) filed by Carlos Antonio Bolton regarding criminal case 01-40040 and 01-40098. |

**App.8**

| | | |
|---|---|---|
| | | (DK, ilcd) (Entered: 08/04/2004) |
| 08/03/2004 | 3 | Remark: Criminal docket sheet, Indictment and Judgment and Committment Order for cases 01-40040 and 01-400098 scanned into file. (TP, ilcd) Modified on 8/6/2004 (DK, ilcd). Additional attachment(s) added on 8/6/2004 (DK, ilcd). (Entered: 08/06/2004) |
| 08/11/2004 | | ORDER finding as moot 2 Petitioner's Motion for Leave to Proceed in forma pauperis, as there is no filing fee required in connection with a motion pursuant to 28 U.S.C. 2255. Entered by Judge Michael M. Mihm on 08/11/04. (KK, ilcd) (Entered: 08/11/2004) |
| 08/23/2004 | | ORDER Entered by Judge Michael M. Mihm on 8/23/04. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28:2255 is dismissed without prejudice. Civil Case Terminated.(DK, ilcd)(cc: petitioner) (Entered: 08/24/2004) |
| 09/01/2004 | 4 | JUDGMENT in favor of respondent against petitioner (DK, ilcd) (Entered: 09/02/2004) |
| 11/17/2004 | 5 | NOTICE OF APPEAL and Request for Certificate of Appealability as to 4 Judgment by Carlos Antonio Bolton. (TP, ilcd) (Entered: 11/17/2004) |
| 11/17/2004 | 6 | MOTION for Leave to Appeal in forma pauperis by Petitioner Carlos Antonio Bolton. Responses due by 12/1/2004 (TP, ilcd) (Entered: 11/17/2004) |
| 11/17/2004 | 7 | Short Record of Appeal Sent to US Court of Appeals re 5 Notice of Appeal (TP, ilcd) (Entered: 11/18/2004) |
| 11/18/2004 | 8 | ORDER Entered by Judge Michael M. Mihm on 11/18/2004 denying 6 Motion for Leave to Appeal in forma pauperis. (TP, ilcd) (Entered: 11/18/2004) |
| 11/19/2004 | 9 | Receipt: Record on Appeal sent to USCA consisting of one volume of pleadings. (TP, ilcd) (Entered: 11/19/2004) |
| 11/26/2004 | 11 | NOTICE of Docketing Record on Appeal from USCA re 5 Notice of Appeal filed by Carlos Antonio Bolton. USCA Case Number 04-3986 (TP, ilcd) (Entered: 11/29/2004) |
| 11/29/2004 | 10 | Return Receipt: of Record on Appeal received by USCA. (TP, ilcd) (Entered: 11/29/2004) |
| 12/03/2004 | 12 | Letter of Transmittal from USCA re 5 Notice of Appeal. (TP, ilcd) (Entered: 12/03/2004) |
| 02/07/2005 | 13 | MANDATE of USCA as to 5 Notice of Appeal filed by Carlos Antonio Bolton. IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction and FURTHER ORDERED that appellant's motion to proceed on appeal in forma pauperis is DENIED as moot. (TP, ilcd) (Entered: 02/08/2005) |
| 03/29/2005 | 14 | MANDATE of USCA as to 5 Notice of Appeal filed by Carlos Antonio Bolton. IT IS ORDERED that this appeal is DISMISSED for lack of |

**App.9**

| | | jurisdiction. IT IS FURTHER ORDERED that appellant's motion to proceed on appeal in forma pauperis is DENIED as moot. (TP, ilcd) (Entered: 03/29/2005) |
|---|---|---|
| 03/29/2005 | 15 | Appeal Record Returned: 5 Notice of Appeal from USCA (1 volume of pleadings returned) (TP, ilcd) (Entered: 03/29/2005) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

 **FILED**

AUG 2 3 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CARLOS ANTONIO BOLTON,        )
                              )
            Petitioner,       )
                              )
      v.                      )        Case No. 04-4050
                              )
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

## O R D E R

This matter is now before the Court on Petitioner, Carlos Bolton's ("Bolton"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the § 2255 Motion is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND AND PROCEDURAL HISTORY

On February 28, 2002, Bolton was sentenced to concurrent terms of 50 years' imprisonment after pleading guilty to numerous counts of bank robbery and interfering with commerce by threat or violence in violation of 18 U.S.C. §§ 2113, 1951, and 3559. The Judgment and Commitment Order was entered on March 8, 2002. He did not pursue an appeal of his conviction or sentence to the Seventh Circuit Court of Appeals. Accordingly, Bolton's conviction became final no later than the end of March 2002, when his time for filing a notice of appeal expired.

On August 3, 2004, Bolton filed the instant action seeking collateral review of his conviction and sentence based on the recent Supreme Court decision in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004).  This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a collateral attack on a federal sentence.  The present case is covered by 28 U.S.C. § 2255, which states in relevant part:

> A 1 year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the present case, Bolton alleges that he is entitled to relief because he received an enhancement to his sentence that was not proven beyond a reasonable doubt in accordance with Blakely.  Accordingly, this case does not involve the application of sub-sections (2) or (4) above.

- 2 -

**App.12**

The Court first notes that this motion fails under sub-section (1) of § 2255. In the present case, Bolton's direct attack on his conviction became final no later than the end of March 2002. However, he did not submit his § 2255 until August 3, 2004, nearly a year and a half after his period of limitations expired. In other words, the more than 17 months that elapsed between the date his Judgment became final on direct review and the submission of his motion exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a motion under § 2255. Therefore, his Motion must be dismissed as untimely unless it can come within the contours of sub-section (3) above.

While it is possible that Bolton could be attempting to invoke sub-section (3) based on the recent decision in <u>Blakely</u>, he cannot clear that hurdle at the present time as <u>Blakely</u> has not been made retroactively applicable to cases on collateral review. Recent Seventh Circuit cases addressing successive motions made in the wake of <u>Blakely</u> have found such claims to be premature and recommended dismissing the motions without prejudice to renewal should the Supreme Court make the rule announced in <u>Blakely</u> applicable in cases on collateral review. <u>Simpson v. United States</u>, ___ F.3d ___, 2004 WL 1636965, at *1 (7th Cir. July 23, 2004). However, unlike the situation in <u>Simpson</u>, the present challenge represents Bolton's first § 2255 motion rather than a successive collateral attack.

What remains then is the question of whether <u>Blakely</u> can apply retroactively on initial collateral attacks. In <u>Ashley v. United States</u>, 266 F.3d 671, 673 (7th Cir.

- 3 -

**App.13**

2001), the Seventh Circuit concluded in the context of an Apprendi challenge that "[a] district judge may determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2244(b)(2)(A) or § 2255" by applying the retroactivity criteria set forth in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989). Id. at *3. Given the close relationship between Blakely and Apprendi, the Court assumes arguendo that the same directive would apply for consideration of initial collateral claims brought pursuant to Blakely and will proceed to conduct this analysis.

In Teague, the Supreme Court held that subject to two narrow exceptions, new rules of constitutional law cannot be applied retroactively to cases on collateral review. Teague, 489 U.S. at 311. The two exceptions permit a new rule to be raised collaterally if (1) it is a "watershed" rule implicating the fundamental fairness of the trial or (2) the rule places certain kinds of private, individual conduct beyond the power of the criminal law-making authority. Id. at 311-12. Of the two exceptions, only the first is arguably applicable to the facts of this case.

Although Blakely could be argued to be a "new rule", as the result was not dictated by precedent existing at the time Bolton's conviction became final, the Court finds that it is more logically viewed as an extension of the rule announced in Apprendi. However, even assuming that Blakely could properly be deemed a "new rule," the Court finds that it would nevertheless fail to fall within the first Teague exception in that it does not implicate the accuracy and fundamental fairness of

- 4 -

**App.14**

criminal proceedings or the central core of procedures that are "implicit in the concept of ordered liberty" as defined in Teague and subsequent case law. Id. at 312. While the Court does find that Blakely may in some respects improve the accuracy of the fact-finding process in that it imposes a greater burden on the Government to prove certain factual issues to a jury beyond a reasonable doubt rather than to a judge by a preponderance of the evidence, this is not enough to qualify for the watershed exception, as the Supreme Court has held that the new rule must not only improve the accuracy of the trial, but also "assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Id. at 312; United States v. Moss, 252 F.3d 993, 998-99 (8th Cir. 2001). "The exception therefore applies only to 'those new procedures without which the likelihood of an accurate conviction is seriously diminished.'" Id. at 999, *citing* Teague, 489 U.S. at 313.

Rather than protecting the innocent from being convicted, the principles announced in Blakely merely limit the sentencing exposure of individuals who are otherwise validly convicted of the underlying crimes. *See* Moss, 252 F.3d at 999.

> It is . . . not enough under *Teague* to say that a new rule is aimed at improving the accuracy of trial. More is required. A rule that qualifies under this exception must not only improve accuracy, but also alter our understanding of the *bedrock procedural elements* essential to the fairness of a proceeding.

Id., *citing* Sawyer v. Smith, 497 U.S. 227, 242, 110 S.Ct. 2822 (1990). The Supreme Court gave an example of the magnitude and type of change necessary in order to

- 5 -

**App.15**

qualify as a watershed rule when it used <u>Gideon v. Wainwright</u>, 372 U.S. 335, 83 S.Ct. 792 (1963), as the prototype for the application of the exception. Requiring certain factors that primarily impact sentencing to be established during trial rather than after a valid conviction is simply not on par with the announcement of a fundamental right to counsel in all criminal trials for serious offenses. <u>Id.</u> at 999-1000; *see also*, <u>McCoy v. United States</u>, 2001 WL 1131653, at *8-9 (11th Cir. Sept. 25, 2001).

The Court's conclusion is also bolstered by the fact that on the same day that it decided <u>Blakely</u>, the Supreme Court invoked similar reasoning in holding that the extension of <u>Apprendi</u> contained in <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), does not apply retroactively to collateral attacks. The Court sees no compelling reason why the same result should not necessarily follow with respect to <u>Blakely</u> and therefore joins the Eleventh Circuit and other district courts that have addressed this specific issue in concluding that, like <u>Apprendi</u>, <u>Blakely</u> does not apply retroactively to cases on collateral review under the criteria set forth in <u>Teague</u>. <u>In re Dean</u>, ___ F.3d ___, 2004 WL 1534788, at *3 (11th Cir. July 9, 2004); <u>Garcia v. United States</u>, 2004 WL 1752588, at *5 (N.D.N.Y. Aug. 4, 2004); <u>Patterson v. United States</u>, 2004 WL 1615058, at *4 (E.D.Mich. July 2, 2004). Accordingly, having found <u>Apprendi</u> to be non-retroactive, Bolton's motion is both untimely and without merit.

## CONCLUSION

For the reasons set forth herein, Bolton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DISMISSED WITHOUT PREJUDICE. This matter is now TERMINATED.

ENTERED this 23rd day of August, 2004.


s/Michael M. Mihm
Michael M. Mihm
United States District Judge

- 7 -

App.17

**E-FILED**
Thursday, 18 November, 2004  03:36:52 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

FILED

NOV 18 2004

U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

CARLOS ANTONIO BOLTON,            )
                                  )
            Petitioner,           )
                                  )
    v.                            )        Case No. 04-4050
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

## O R D E R

Now before the Court is Petitioner, Carlos Bolton's ("Bolton"), Notice of Appeal, which the Court construes as a Motion for Certificate of Appealability, and Application to Proceed In Forma Pauperis on Appeal.  For the reasons set forth below, the Court declines to issue a Certificate of Appealability and denies his request for in forma pauperis status.

    I.    Certificate of Appealability

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 now requires the issuance of a certificate of appealability prior to obtaining appellate review.  A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right.  The certificate must specify what issue(s) merit appellate review.

In the case at bar, Bolton raised essentially one claim in his § 2255 motion.  He sought collateral review of his conviction and sentence based on the recent Supreme Court decision in Blakely v. Washington, __ U.S. __, 124 S.Ct. 2531 (2004).  The Court determined that Bolton's filing was untimely, as his direct attack on his

conviction became final no later than the end of March 2002, and he did not submit his § 2255 until August 3, 2004. The Court then found that even if Bolton's filing could somehow be considered timely, Blakely, like Apprendi, does not apply retroactively to cases on collateral review under the criteria set forth in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989). Having found Blakely to be non-retroactive, the Court concluded that Bolton's motion was both untimely and without merit.

Moreover, the Court entered its Order dismissing Bolton's § 2255 motion on August 3, 2004, and Judgment was entered on September 1, 2004. As the handwritten date on the pleadings indicates that Bolton did not mail his Notice of Appeal until November 15, 2004, the appeal is clearly untimely under Rule 4 of the Federal Rules of Appellate Procedure.

In considering whether a certificate of appealability should issue, the Court cannot find that Bolton has made a substantial showing of the denial of a constitutional right as no claims raised before this Court come close to presenting issues debatable among jurists of reason under the present state of the law. Finding no issue in this proceeding which warrants appellate review, the Court cannot in good faith issue a certificate of appealability for Bolton's § 2255 Motion. Accordingly, his Motion for Certificate of Appealability is DENIED.

II.    Application to Proceed In Forma Pauperis on Appeal

Bolton seeks leave to proceed on appeal without prepayment of fees and costs. Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The

- 2 -

Court has concluded that both his original § 2255 motion and appeal are untimely and are otherwise based on a claim that is not properly cognizable in a collateral attack as it has not been held to be retroactively applicable to such cases. These conclusions compel the inescapable conclusion that pursuit of such an appeal would be futile, and the Court therefore cannot find that this appeal is being taken in good faith. Thus, Bolton's Application to Proceed In Forma Pauperis on Appeal is denied.

ENTERED this 18th day of November, 2004.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

- 3 -

App.20

Home | PACER | Opinions 

# General Docket
## US Court of Appeals for the Seventh Circuit

```
Court of Appeals Docket #: 04-3986                    Filed: 11/22/04
Nsuit: 2510  Pris Pet Vac Sentence-US Def
Bolton, Carlos A. v. USA
Appeal from: United States District Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

      District: 0753-4 : 04 C 4050
      Ordering Judge: Michael M. Mihm, Judge
      Court Reporter: Karen Hanna, Court Reporter
      Date Filed: 8/3/04
      Date order/judgment: 9/1/04
      Date NOA filed: 11/17/04
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: ifp pending-app.ct.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
   None
Current cases:
   None

Docket as of March 31, 2005 11:02 pm            Page 1
```

---

```
04-3986  Bolton, Carlos A. v. USA

CARLOS A. BOLTON                   Carlos A. Bolton
      Petitioner - Appellant      #36052-048
                                  [COR LD NTC pro]
                                  UNITED STATES PENITENTIARY
                                  P.O. Box 33
                                  Terre Haute, IN 47808
                                  USA


   v.


UNITED STATES OF AMERICA          Jeffrey B. Lang
      Respondent - Appellee       FAX 309/793-5895
                                  309/793-5884
                                  [COR LD NTC ret]
                                  OFFICE OF THE UNITED STATES
                                  ATTORNEY
                                  1830 Second Avenue
                                  Rock Island, IL 61201
                                  USA

Docket as of March 31, 2005 11:02 pm            Page 2
```

04-3986  Bolton, Carlos A. v. USA

CARLOS A. BOLTON,
             Petitioner - Appellant

     v.

UNITED STATES OF AMERICA,
             Respondent - Appellee

Docket as of March 31, 2005 11:02 pm                    Page 3

_____

04-3986  Bolton, Carlos A. v. USA

11/22/04        Federal prisoner's 2255 case docketed. Certificate of
                Appealability pending. [04-3986] [1800458-1] Transcript
                information sheet due 12/2/04. Docketing Statement due
                11/24/04. (hudk)

11/22/04        Filed notice that a motion to proceed on appeal in forma
                pauperis is pending in the District Court. [04-3986]
                [1800466-1] (hudk)

11/29/04        The Antiterrorism and Effective Death Penalty Act requires
                approval from the Court of Appeals before a second or
                successive petition may be filed in the District Court.  IT
                IS ORDERED that the appellee(s) file a statement advising
                this court whether the appellant(s) brought a previous
                petition challenging the same judgment that the appellant
                now challenges. (See order for further details) DW
                [04-3986] Statement due 12/13/04 for USA. (hudk)

11/29/04        ORDER: Appellant Carlos A. Bolton  shall file a brief
                memorandum stating why this appeal should not be dismissed
                for lack of jurisdiction. [1800458-1] DW [04-3986]
                [1801617-1] Briefing is SUSPENDED pending further court
                order. (See order for further details) Jurisdictional
                memorandum due 12/13/04 for Carlos A. Bolton. (hudk)

11/30/04        Original record on appeal filed. Contents of record: 1 vol.
                pleadings. [04-3986] [1801811-1] (dave)

12/2/04         Filed Appellant Carlos A. Bolton docketing statement.
                [04-3986] [1803356-1] (hudk)

12/2/04         Filed prose motion by Appellant Carlos A. Bolton for
                re-sentencing hearing. [04-3986] (hudk)

12/3/04         Filed District Court order DENYING Carlos A. Bolton leave
                to proceed on appeal in forma pauperis. Date IFP denied:
                November 18, 2004 [04-3986] [1800458-1] (eric)

12/3/04         Filed prose motion by Appellant Carlos A. Bolton to proceed
                on appeal in forma pauperis. [1803527-1]  [04-3986] (eric)

**App.22**

12/8/04        ORDER issued DENYING motion for re-sentencing hearing
               without prejudice to renewal should a certificate of
               appealability issue in this matter. [1803357-1] CMD
               [04-3986] (hudk)

12/10/04       Filed Appellee USA jurisdictional memorandum.   [04-3986]
               [1806428-1] (hudk)

12/10/04       Filed Appellant Carlos A. Bolton docketing statement.
               [04-3986] [1806532-1] (hudk)

12/28/04       The District Court order dated 11/18/04 denying a
               certificate of appealability.  [04-3986] [0-0] (hard)

Docket as of March 31, 2005 11:02 pm          Page 4

---

04-3986  Bolton, Carlos A. v. USA

2/3/05         ORDER filed DISMISSING this appeal for lack of
               jurisdiction. Appellant's motion to proceed on appeal in
               forma pauperis is DENIED as moot.  (See order for further
               details). [1803527-1] Circuit Judge Daniel A. Manion,
               Circuit Judge Ilana D. Rovner, Circuit Judge Ann C.
               Williams.  [04-3986] [1803527-1] (kell)

3/28/05        MANDATE ISSUED AND ENTIRE RECORD RETURNED. (Contents
               returned: 1 vol. pleadings.) [04-3986] [1800458-1] (cove)

3/31/05        Filed mandate receipt.  [04-3986] [1843619-1] (hudk)

Docket as of March 31, 2005 11:02 pm          Page 5

---

CLOSED, HABEAS, PROSE

# U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:05-cv-00267-LJM-WTL

BOLTON v. BEZY et al
Assigned to: Judge Larry J. McKinney
Referred to: Magistrate Judge William T. Lawrence
Case in other court: 7th Circuit, 06-01178
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 11/07/2005
Date Terminated: 01/03/2006
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**CARLOS A BOLTON**          represented by   **CARLOS A BOLTON**
REG NO 36052-048
U. S. Penitentiary
P O Box 12015
Terre Haute, IN 47801
PRO SE

V.

**Respondent**

**BEZY**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/07/2005 | 1 | PETITION for Writ of Habeas Corpus , filed by CARLOS A BOLTON. (VS, ) (Entered: 11/07/2005) |
| 11/07/2005 | | MOTION for Leave to Proceed in forma pauperis by CARLOS A BOLTON. (VS, ) (Entered: 11/07/2005) |
| 11/17/2005 | 2 | ENTRY and Order directing further proceedings; petitioner shall have **through 12/20/05** in which to either pay $5.00 filing fee or demonstrate he lacks financial ability to do so; designation of Michael K. Nalley and of Harrell Watts as co-respondents is **stricken**; petitioner shall have **through 12/20/05** in which to supplement petiton for writ of habeas corpus by submitting a complete copy of the *Judgment and Commitment* referred to in his habeas petition. Signed by Judge Larry J. McKinney on 11/17/05. cm(NKD, ) (Entered: 11/18/2005) |
| 12/19/2005 | 3 | RECEIPT #201-1419 in the amount of $ 5.00 filing fee. (NKD, ) (Entered: 12/19/2005) |

**App.24**

| 12/19/2005 | 4 | Submission of supplement to petition for a writ of habeas corpus by CARLOS A BOLTON. (Attachments: # 1 Exhibit 1-6)(NKD, ) (Entered: 12/20/2005) |
| 12/19/2005 | 5 | MOTION for quarterly payments of institutional pay by CARLOS A BOLTON. (NKD, ) (Entered: 12/20/2005) |
| 01/03/2006 | 6 | ENTRY discussing petition for writ of habeas corpus and directing entry of judgment; Bolton's motion for quarterly payments of institutional pay is **denied as moot**. Signed by Judge Larry J. McKinney on 01/03/06. (VS, ) (Entered: 01/03/2006) |
| 01/03/2006 | 7 | CLOSED DISMISSED with prejudice petitioner take nothing by his petition for writ of habeas corpus . Signed by Judge Larry J. McKinney on 01/03/06. (VS, ) (Entered: 01/03/2006) |
| 01/17/2006 | 8 | NOTICE OF APPEAL as to 6 Entry, 7 Closed Dismissed by CARLOS A BOLTON, ) . (Entered: 01/17/2006) |
| 01/17/2006 | 9 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 8 Notice of Appeal. Designation of record sent to parties. (NKD, ) (Entered: 01/17/2006) |
| 01/24/2006 | 10 | USCA Case Number 06-1178 for 8 Notice of Appeal filed by CARLOS A BOLTON,. (VS, ) (Entered: 01/24/2006) |
| 01/30/2006 | 11 | MOTION for Leave to Appeal in forma pauperis by CARLOS A BOLTON. (Attachments: # 1 Statement of account)(NKD, ) (Entered: 01/30/2006) |
| 02/02/2006 | 12 | ENTRY denying 11 Motion for Leave to Appeal in forma pauperis . Signed by Judge Larry J. McKinney on 02/02/06. (VS, ) (Entered: 02/02/2006) |
| 03/20/2006 | 13 | Certified and Transmitted Record on Appeal to US Court of Appeals re 8 Notice of Appeal per request from CA dated 03/17/06; consisting of 1 vol pleadings. (NKD, ) Modified on 3/20/2006 (NKD, ). (Entered: 03/20/2006) |
| 03/27/2006 | 14 | Appeal Remark record received in court of appeal on 03/22/06 1 vol pleadings re 8 Notice of Appeal: (VS, ) (Entered: 03/27/2006) |
| 06/01/2006 | 15 | MANDATE of USCA DISMISSED for failure to timely pay docketing fee as to 8 Notice of Appeal filed by CARLOS A BOLTON, (VS, ) (Entered: 06/01/2006) |
| 06/15/2006 | 16 | Appeal Record Returned:1 Volume pleadings 8 Notice of Appeal (VS, ) (Entered: 06/15/2006) |

Case #:2:05-cv-00367-LJM-WTL

FOR HABEAS CORPUS UNDER 28 U.S.C. SECTION 2241

CARLOS ANTONIO BOLTON
#36052-048
U.S. Penitentiary, P.O.Box - 12015, Terre Haute, IN. 47801

UNITED STATES DISTRICT FOR THE SOUTHERN DISTRICT OF INDIANA

Carlos A. Bolton,    Petitioner    2 05 -CV- 267 LJM    WTL

Case No.

Mark A. Bezy, Warden, U.S. Penitentiary, Terre Haute, IN.
Michael K. Nalley, Regional Director, B.O.P.
Harrell Watts, Administrator,    Respondents


1.    The Petitioner was convicted in the United States District
      Court of [ILCD]
2.    On the date of Fedruary 28, 2002
3.    The petitioner is serving a sentence of 50 years
4.    The petitioner sentencing judge is Michael M. Mihm, who
      resides over the U.S. District Court of Illinois in the
      Central District
5.    The nature of the petitioner offence consist of multiple
      counts of rule 18 U.S.C. 2113 (a) & 3559 (c) (a) (A) (i), and
      rule 18 U.S.C. 1951;   which consist of Bank Robbery, and
      Obstrustion of Commerce by Robbery.
6.    The petitioner was sentence to more than one indictment
      in the same court, at the same time.
7.    The petitioner has a Parole Violation to serve at the end of
      this respective sentence.
8.    The Parole Violation is in the State of Iowa, via the Iowa
      Board of Parole's.
9.    Ground one:    Illegal Delegation of Judicial Function
      Supporting Facts:   The petitioner Judgment Order merely states
      that the petitioner shall make restitution to the following
      payees in the amount listed;
      and no payment schedule was established by the court for the

App.26

collection of said restitution and special assessment order.

¶See Judgment and Commitment Order

10. Ground Two: Illegal Function of 18 U.S.C. 3663 & 3664

Supporting Facts: No one but a District Court Judge can carry out a Judicial Function of establishing and setting a Court Ordered Sentence with the use of the "IFRP", unless the order clearly instruct the B.O.P. to take a certain amount monthly or quarterly.

11. Groud Three: Illegal use and structure of B.O.P. (IFRP) P.S. 5380.07 (6)

Supporting Facts: As stated in its policy, the Unit Team Must, subtrat the IFRP payments made by inmate during the previous six (6) months.

On three seperate occassions within a six month time frame, the petitioner was (UNIT TEAMED) on three different occassions, and made to adhere to three different contracts.

12. Ground Four: Violation of the Eighth Amendment

Supporting Facts: on page 181 of petitioner P.S.I. it cleary give record the there is a grate interest for the District Court to made a Balance Plan for the Petitioner, as he must relie on the stablity of employment within the penal system for remainder of his natural life.

Wherefore, petitioner prays that a Re'sentce be established, as the petitioner has exhauted all remedies in the B.O.P. Appeal System.

The petitioner is asking to be granted Quarterly Payments of, 5% of instutional pay for the duration of his incarceration, or untill the petitioner court assessment is completed.

I declare under pendalty of perjury that the forgoing is true, and correct.

Executed on _Nov, 4th 2005_
DATE

_Carlos D. Batton_ #36057-048
SIGNATURE

In Forma Pauperis Affidavit

I hereby apply for leave to proceed with this petition without prepayment of fees or costs or giving security therefor.   In support of my application, I state under oath that the following facts are true:

(1)     I am the petitioner in this petition and I believe that I am entitled to redress.

(2)     I am unable to prepay the costs of said action, or give security therefore, because:

_Financially Un'Able_

(3)     I have no assets or funds which could be used to prepay the fees or costs except:

_Prison inmate wages_

(Write "none" above if you have nothing; otherwise, list your assets)

_Cordel D. Botton #36052-048_
(signature of petitioner)

"I declare under penalty of perjury that the statements made in the petition and in the in forma pauperis affidavit are true and correct."

Executed on __Nov. 4th 2005__
                ( Date )

_Cordel D. Botton #36052-048_
(signature)

IT IS NO LONGER NECESSARY TO HAVE YOUR PETITION NOTARIZED.

CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ __9.18__ on account to his credit at the penal institution where he is confined.  I further certify that the petitioner likewise has the following securities to his credit according to the records of said penal institution:

_____

_____

_Roxie R. Britt_
AUTHORIZED OFFICER OF PENAL INSTITUTION

**App.28**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

CARLOS A. BOLTON,                )
                                 )
              Petitioner,        )
      vs.                        )      No. 2:05-cv-267-LJM-WTL
                                 )
MARK A. BEZY, Warden,            )
                                 )
              Respondent.        )

### Entry Discussing Petition for Writ of Habeas
### Corpus and Directing Entry of Judgment

This case is before the court on the petition of Carlos A. Bolton ("Bolton") for a writ of habeas corpus. The action is before the court for preliminary review pursuant to Rule 4(a) and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts.*[1]

Bolton is confined at the United States Penitentiary at Terre Haute ("USPTH"). On March 8, 2002, Bolton was sentenced by the United States District Court for the Central District of Illinois following his conviction of federal offenses. As part of that sentence, Bolton was ordered to pay restitution. The sentencing court's written *Judgment in a Criminal Case* directs that the restitution be paid "in full immediately." Bolton's obligation was not paid immediately, but has instead become an issue between Bolton and staff at the USPTH, who have offered Bolton a payment plan by the Federal Bureau of Prisons ("BOP"), as contemplated by the BOP's Inmate Financial Responsibility Program ("IFRP").

Bolton seeks relief pursuant to 28 U.S.C. § 2241(c), which provides in part that: "The writ of habeas corpus shall not extend to a prisoner unless-- . . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States. . . ." 28 U.S.C. § 2241(c)(3) provides a vehicle for attacking "the execution, not the validity, of the sentence." *United States v. Ford,* 627 F.2d 807, 813 (7th Cir.), *cert. denied, Ford v. United States,* 449 U.S. 923 (1980).

---

[1]The petitioner obviously is not in state custody and is not attacking the judgment of a state court. However, Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that those *Rules* may be applied in applications for habeas corpus in cases not brought by a person challenging the judgment of a state court at the discretion of the district court. This is an appropriate case for such application, as was *Matta-Ballesteros v. Henman,* 896 F.2d 255, 259 (7th Cir. 1990), and the reference to those *Rules* is now made explicit.

Bolton argues that the BOP does not have the authority to set or re-set the time or amount of restitution. His description of what has occurred, however, is inaccurate. On the contrary, the timing or amount of monetary penalty was not delegated to any authority outside the court.

In *McGhee v. Clark,* 166 F.3d 884 (7th Cir. 1999), the Seventh Circuit affirmed this court's holding that "the sentencing court fully discharged its sentencing responsibilities by ordering the fine it imposed to be paid in full immediately; therefore, USP Terre Haute officials did not usurp the sentencing court's authority by establishing a payment schedule pursuant to the IFRP and penalizing [the petitioner] for refusing to accept it." *McGhee,* 166 F.3d at 86. The facts here are significantly different than those in *United States v. Pandiello,* 184 F.3d 682 (7th Cir. 1999), which Bolton could well cite in support of his petition, because in *Pandiello* the restitution order did not state when payment of restitution was due; rather, it stated that "'restitution shall be paid in equal monthly installments during the period of incarceration through the [IFRP]' and in installments of $200 per month during the period of supervised release." *Id.* at 688.

The IFRP establishes a procedure for encouraging inmates to pay their legitimate financial obligations. 28 C.F.R. § 545.10. During the inmate's initial classification, the inmate and the inmate's unit team develop a financial repayment plan. *Id.* An inmate's compliance with the repayment plan is monitored by unit staff. 28 C.F.R. § 545.11. "Fines and court costs" are specifically included in the obligations that are subject to the inmate's IFRP plan. 28 C.F.R. § 545.11(a)(3). The regulation details the consequences if an inmate refuses to participate in IFRP or to comply with the inmate's financial plan. 28 C.F.R. § 545.11(d). Here, as in *McGhee,* the sentencing "court properly elected not to establish [ ] a schedule, but instead to require immediate payment as authorized by § 3572." By the plain language of the court, "the court's judgment and commitment order do not delegate scheduling of fine payments or, in fact, any function to the BOP." *McGhee,* 166 F.3d at 886 (*citing United States v. Trigg,* 119 F.3d 493, 500 (7th Cir. 1997) (holding that sentencing court did not impermissibly delegate timing of restitution payments to probation department by ordering immediate payment)).

For the reasons stated above, Bolton's petition for a writ of habeas corpus shows on its face that he is not entitled to relief. Accordingly, his petition is **denied** and this action must be dismissed with prejudice. Judgement dismissing Bolton's petition with prejudice will now issue. Bolton's motion for quarterly payments of institutional pay is **denied as moot.**

   **IT IS SO ORDERED.**

Date:  01/03/2006

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

**App.30**


# General Docket
## US Court of Appeals for the Seventh Circuit

```
Court of Appeals Docket #: 06-1178              Filed: 1/17/06
Nsuit: 2530  Pris Pet Habeas Corpus-US Def
Bolton, Carlos A. v. Bezy, Mark A.
Appeal from: United States District Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

    District: 0756-2 : 05 C 267
    Ordering Judge: Larry J. McKinney, Chief Judge
    Court Reporter: Glen L. Cunningham, Court Reporter
    Date Filed: 11/7/05
    Date order/judgment: 1/3/06
    Date NOA filed: 1/17/06
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: due

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
   None
Current cases:
   None

Docket as of June 20, 2006 11:01 pm            Page 1
```

---

```
06-1178  Bolton, Carlos A. v. Bezy, Mark A.

CARLOS A. BOLTON                 Carlos A. Bolton
     Petitioner - Appellant      #36052-048
                                 [COR LD NTC pro]
                                 UNITED STATES PENITENTIARY
                                 P.O. Box 12015
                                 Terre Haute, IN 47801
                                 USA


   v.


MARK A. BEZY, Warden             Gerald A. Coraz
     Respondent - Appellee       FAX 317/226-5027
                                 317/226-6333
                                 Suite 2100
                                 [COR LD NTC ret]
                                 OFFICE OF THE UNITED STATES
                                 ATTORNEY
                                 Ten W. Market Street
                                 Indianapolis, IN 46204-3048
                                 USA

Docket as of June 20, 2006 11:01 pm            Page 2
```

**App.31**

06-1178  Bolton, Carlos A. v. Bezy, Mark A.

CARLOS A. BOLTON,
            Petitioner - Appellant

      v.

MARK A. BEZY, Warden,
            Respondent - Appellee

Docket as of June 20, 2006 11:01 pm          Page 3

06-1178  Bolton, Carlos A. v. Bezy, Mark A.

1/17/06          Federal prisoner's habeas corpus case docketed. [06-1178]
                 [1944653-1] Transcript information sheet due 1/27/06. Fee
                 or IFP forms due on 1/31/06 for Carlos A. Bolton. Docketing
                 Statement due 1/24/06. (desi)

2/6/06           Filed District Court order DENYING Carlos A. Bolton leave
                 to proceed on appeal in forma pauperis. Date IFP denied:
                 02/02/06. [06-1178] [1944653-1] (desi)

2/8/06           Filed Circuit Rule 3(b) 30 day notice for failure to pay
                 the docketing fee. Date IFP Denied: 02/02/06. [06-1178]
                 [1952687-1] Fee or IFP forms due on 3/10/06 for Carlos A.
                 Bolton. (desi)

2/10/06          ORDER: Appellant is directed to file the overdue Docketing
                 Statement within 14 days from the date of this Rule to Show
                 Cause. [1944653-1] LJ [06-1178] Docketing Statement
                 response due 2/24/06 for Carlos A. Bolton. (linj)

2/21/06          Filed Appellant Carlos A. Bolton docketing statement.
                 [06-1178] [1957383-1] (5)

3/6/06           Filed prose motion by Appellant Carlos A. Bolton to proceed
                 on appeal in forma pauperis. No proof of service. Proof of
                 service filed on 3/16/06. [1961494-1] [06-1178] (desi)

3/6/06           Filed clerk's notice to Appellant Carlos A. Bolton to
                 provide proof of service for his motion to proceed in forma
                 pauperis. [1944653-1] [06-1178] Proof of service due
                 3/13/06 for Carlos A. Bolton. (desi)

3/17/06          Notice to the District Court to transmit the  record on
                 appeal.  [06-1178] [0-0] (kuzi)

3/23/06          Original record on appeal filed. Contents of record: 1 vol.
                 pleadings.  [06-1178] [1967310-1] (bria)

**App.32**

4/14/06          ORDER re: The motion for leave to proceed as a pauper on
                 appeal, the district court's final order, and the record on
                 appeal. The motion for leave to proceed on appeal in forma
                 pauperis is DENIED. Appellant shall pay the required
                 docketing fee within 14 days or this appeal will be
                 dismissed for failure to prosecute pursuant to Circuit Rule
                 3(b). [1961494-1] MJO [06-1178] The appellant must pay the
                 required docketing fee to the clerk of the District Court,
                 and so notify this court, or this appeal will be dismissed
                 pursuant to Circuit Rule 3(b).  Fee due 4/28/06 for Carlos
                 A. Bolton. (kell)

5/1/06           Filed prose motion by Appellant Carlos A. Bolton for
                 reconsideration of order dated 4/14/06. [1981259-1]
                 [06-1178] (hard)

Docket as of June 20, 2006 11:01 pm                    Page 4

---

06-1178   Bolton, Carlos A. v. Bezy, Mark A.

5/9/06           ORDER issued DENYING motion for reconsideration. See McGhee
                 v. Clark.[1981259-1] MJO [06-1178] (hard)

5/30/06          ORDER: This cause is DISMISSED pursuant to Circuit Rule
                 3(b). Mandate issued, record to be returned later.
                 [06-1178] [0-0] (desi)

6/5/06           Filed mandate receipt.  [06-1178] [1992324-1] (scze)

6/12/06          Original record returned to the District Court. (Contents
                 returned: 1 vol. pleadings.) [06-1178] [0-0] (kare)

6/20/06          Filed record receipt. [1997264-1] [06-1178] (josh)

Docket as of June 20, 2006 11:01 pm                    Page 5