UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01-CR-40040 |
| ) | |
| CARLOS ANTONIO BOLTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Now before the Court is Defendant Carlos Antonio Bolton's Amended Motion for Compassionate Release ("Amended Motion"). ECF No. 39. For the reasons stated below, Defendant's Amended Motion is DENIED.

## Background

On July 18, 2001, Defendant was indicted in the Central District of Illinois on eleven charges involving bank robbery, obstructing commerce by robbery, brandishing a firearm during a robbery, and aggravated bank robbery (Case No. 01-CR-40040). ECF No. 50 at 2. On December 5, 2001, Defendant was named in a ten-count information filed in the Southern District of Iowa charging him with obstruction of commerce by robbery (Case No. 01-CR-40098). *Id.* On December 6, 2001, Defendant consented to a transfer of jurisdiction to allow both cases to be resolved by this Court. *Id.* at 2-3.

On December 7, 2001, the Government filed a Notice to Establish Prior Violent Felony Convictions for Sentencing Enhancements under 18 U.S.C. § 3559(c)(4) and 21 U.S.C. § 851(a) in Case 40098. ECF No. 39 at 3-4. The notice detailed the same two prior

violent felony convictions and mandatory life sentence as contained in the notice in Case 40040. *Id*. at 4.

On December 10, 2001, Defendant entered into a written plea agreement pursuant to Rule 11(e)(1)(C), which is now Rule 11(c)(1)(C). *Id*. In Case 40040, he pled guilty to all counts except those charging violations of 18 U.S.C. § 924(c), which the Government agreed to dismiss. *Id*. In Case 40098, he pled guilty to all ten counts. *Id*. In both cases, Defendant acknowledged that he would be subject to a mandatory term of life imprisonment, due to the three-strikes provision of 18 U.S.C. § 3559(c). *Id*. The parties agreed to a sentence in each case of fifty years of imprisonment to run concurrently. *Id*. Defendant waived his right to a direct appeal and to collaterally attack his sentence. *Id*.

At the time of sentencing, Defendant was deemed a career criminal based on two prior felony convictions for crimes of violence (robbery). ECF No. 50 at 3. He had a criminal history category of VI and a total offense level of 34, after enhancements. *Id*. The guidelines range of imprisonment was 262 to 327 months, but because the guidelines were below the statutory minimum sentence of life imprisonment, the guidelines range became life imprisonment. *Id*. The Government moved for a downward departure. *Id*. On March 8, 2002, this Court accepted Defendant's guilty pleas and sentenced him to fifty years' imprisonment on counts 1, 2, 3, 4, 6, 8, and 10 to run concurrently with one another and with Case 40098. *Id*. at 3-4. Defendant is currently housed at FCI Victorville Medium II in Victorville, California. ECF No. 43 at 1. His projected release date is March 16, 2044. *Id*.

On June 15, 2020, Defendant filed a *pro se* motion for a reduced sentence pursuant to the First Step Act. ECF No. 38. The Court appointed the Federal Public Defender to represent Defendant. d/e 06/16/2020. Approximately six months later, defense counsel

2

filed an Amended Motion for Compassionate Release on Defendant's behalf on January 5, 2021. ECF No. 39. On February 3, 2021, defense counsel filed a Supplement to Amended Motion for Compassionate Release, asking to withdraw the portion of the Amended Motion that alleged he suffered from coronary artery disease and had a stent inserted. ECF No. 45 at 2-3. Defendant also requested to supplement his Amended Motion with his Bureau of Prisons ("BOP") medical records for 2016-2017. *Id*. at 3. On February 17, 2021, the Government filed a response in opposition to compassionate release. ECF No. 50. This Order follows.

## **Legal Standard**

Before filing a motion for compassionate release, a defendant is required to first request that the BOP file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission, however, has not updated its policy statements since the First Step Act came into effect. Prior to the passage of the First Step Act, federal judges were only able to release prisoners for compassionate release reasons upon motion by the BOP. *United States v. Gunn*, 980 F.3d

1178, 1179 (7th Cir. 2020). The First Step Act gave judges the power to grant compassionate release on a prisoner's own motion provided that the prisoner first allowed the BOP to review the request and make a recommendation or thirty days had passed since the prisoner submitted his or her request to the BOP. *Id*. In *Gunn*, the Seventh Circuit determined that the most recent policy statements from the Sentencing Commission do not apply to prisoner-initiated motions because the guidelines only address those motions that were brought pursuant to a BOP motion. *Id*. at 1180. Accordingly, the Seventh Circuit held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement." *Id*. This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

Despite the Seventh Circuit clarifying that courts are not bound by the Sentencing Commission's guidelines regarding compassionate release when an inmate brings the motion, the Seventh Circuit strongly suggested that those guidelines are still relevant to district courts' decisions. The Seventh Circuit explained that the guidelines provide a "working definition of 'extraordinary and compelling reasons'" and cautioned that a judge who "strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id*. at 1180. "In this way the Commission's analysis can guide discretion without being conclusive." *Id*. The Seventh Circuit further stated that it would "expect" district judges to give the BOP Director's analysis regarding the prisoner's request "substantial weight, even though under the First Step Act the Director's views are not controlling." *Id*. Based on the available guidance from the Seventh Circuit, this Court will

4

give great weight to the Sentencing Guidelines regarding motions for compassionate release even though they are not binding in this case. Finally, this Court is disinclined to grant a sentence reduction unless it determines that a defendant "is not a danger to the safety of any other person or to the community." *See* USSG § 1B1.13(2).

**Discussion**

In his Amended Motion, Defendant argues that (1) his serious and chronic medical conditions and the COVID-19 pandemic constitute extraordinary and compelling reasons to grant compassionate release; (2) this Court should exercise its independent authority to reduce his sentence based on his exemplary record in the BOP for the last twenty years; and (3) the § 3553(a) factors weigh in favor of release to home confinement, as he is not a danger to the community. ECF No. 39. The Government urges the Court to deny his Amended Motion because he (1) failed to properly exhaust his administrative remedies; (2) has not demonstrated extraordinary and compelling reasons justifying release; and (3) the § 3553(a) factors do not support a sentence reduction, especially because he remains a danger to the community. ECF No. 50.

**I.    Exhaustion of Administrative Remedies**

Defendant claims that he exhausted his administrative remedies before filing a motion for compassionate release, but the Government disagrees. Defendant states that in January, February, and April of 2020, he requested, in writing, a "modification of sentence" based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i) from the Warden of FCI Victorville. ECF No. 39 at 8; ECF No. 39-1. He based his eligibility for compassionate release on the following factors: accepting responsibility; good conduct while in prison; amount of time he has served; his belief that he is no longer a danger to

5

the community; and his participation in programs. *Id*. The Warden reviewed his requests and found that he did not demonstrate "exceptional and compelling circumstances" for a sentence reduction. *Id*. at 7-8. Accordingly, Defendant claims that he has exhausted his administrative remedies and is now eligible to proceed with his request for compassionate release. ECF No. 39 at 8-9.

The Government argues that this Court should deny his Amended Motion without prejudice because he has not properly exhausted his administrative remedies. ECF No. 50 at 20. The Government asserts that Defendant, who bears the burden of establishing his eligibility for relief, failed to demonstrate that he submitted a written request for compassionate release to the Warden based on his health conditions or the COVID-19 pandemic. *Id*. at 22.

A court may grant a motion brought by a defendant directly only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A defendant is required to first present his compassionate release request to the BOP. *See United States v. Williams*, 987 F.3d 700 (7th Cir. 2021). In *Williams*, the Seventh Circuit stated:

> We have not yet had occasion to consider whether, in order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release to the Bureau as in a motion to the court. But now that the issue is squarely before us, we confirm that this is the rule – any contrary approach would undermine the purpose of exhaustion.

*Id*. at 703. Defendant's written requests to the Warden were based on several factors, none of which were his health conditions or the pandemic. ECF No. 39-1. As a result, this Court

6

finds that Defendant failed to properly exhaust his administrative remedies before filing a motion for compassionate release with respect to the pandemic and his medical conditions. Therefore, this portion of Defendant's Amended Motion is denied without prejudice. *See* ECF No. 39 at 9-19; ECF No. 45. This Court will address Defendant's remaining arguments related to his sentence, rehabilitation, and the § 3553(a) factors, as these arguments were included in his written requests to the Warden and considered by the BOP.

## II. Defendant Failed to Establish Extraordinary and Compelling Reasons to Justify a Sentence Reduction

Defendant asks this Court to reduce his sentence to twenty years concurrent on all counts of conviction. ECF No. 39 at 22. He argues that his exemplary behavior for almost twenty years of custody in the BOP and the "unusual circumstances of his underlying federal case and 50 year 'C' agreement warrant this Court's 'second look' and reduction of his sentence." *Id*. at 19. He asserts that "[n]umerous courts have granted compassionate release based on changes made to the law in the First Step Act that were not retroactive." *Id*. at 20 (citing *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)). Additionally, his continued confinement until 2044 "under the facts and circumstances of this long and tortuous case" constitutes an extraordinary and compelling reason for a sentence reduction. *Id*. at 22.

The Government asserts that Defendant has not established extraordinary and compelling reasons for a reduced sentence within the meaning of § 3582(c)(1)(A) and the Sentencing Commission's policy statement. ECF No. 50 at 23. The Government argues that he is ineligible for relief under the First Step Act ("FSA") because his convictions were related to bank robbery, which are not covered offenses under the FSA, and because the Government moved to dismiss the charges for violating § 924(c). *Id*. at 23-24.

7

A court may grant a sentence reduction if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). This Court has previously found that the length of a defendant's sentence "does not constitute extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A)." *See United States v. Mitchell*, 2021 WL 462123 (C.D. Ill. Feb. 9, 2021); *see also United States v. Welker*, 2020 WL 7091540 (C.D. Ill. Dec. 4, 2020).

When determining whether a defendant is eligible for a reduced sentence under the FSA, the court must first look to the statute(s) of conviction which determines eligibility for relief. *See United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020) Here, Defendant was convicted of bank robbery, obstruction of commerce by robbery, and aggravated bank robbery in violation of 18 U.S.C. §§ 2113(a); 1951; 2113(d). The FSA does not apply to these convictions. *See* Pub. L. No. 115-391, 132 Stat. 5194, § 404(a) (2018). Defendant's argument related to the application of the FSA to the stacked § 924(c) counts is moot because those counts were dismissed. As a result, this Court does not need to consider whether stacked § 924(c) counts are eligible for relief under the FSA.

Finally, this Court commends Defendant for his rehabilitative efforts and good conduct, but rehabilitation alone does not constitute an extraordinary and compelling reason for a sentence reduction. Congress directed the Sentencing Commission to adopt policy statements regarding "the appropriate use of . . . the sentence modification provisions set forth in section[] . . . 3582(c) of title 18." 28 U.S.C. § 994(a)(2)(C). Providing further guidance, § 994(t) states:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18,

8

> shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

This Court finds that none of Defendant's proffered reasons are "extraordinary and compelling" under § 3582(c)(1)(A)(i), and therefore, his Motion is denied.

### III. Applicable § 3553(a) Factors Do Not Support a Sentence Reduction

Defendant argues that the § 3553(a) factors weigh in favor of compassionate release and he is no longer a danger to the community. ECF No. 39 at 23. While in prison for the last twenty years, he earned his GED and Associates Degree in culinary arts; worked in food service as a mainline cook at several BOP facilities; and participated in educational and vocation training programs. *Id*. His job performance was so "outstanding" that his supervisor wrote a letter on his behalf stating, in part: "He is always very dependable and responsive to his supervisors and his peers, he accepts responsibility in all areas of his work and continuously tries to improve." ECF No. 39-4 at 4.

The Government asserts that Defendant "received the benefit of his bargain" for his "violent and severe" offenses when he pled guilty to an agreed sentence of fifty-years' imprisonment instead of receiving a mandatory life sentence. ECF No. 50 at 28. The Government notes that on seventeen separate occasions, Defendant entered a business establishment or bank, demanded money from an employee, and fled. PSR ¶¶ 6-22. On eleven of those occasions Defendant either brandished a replica firearm, a knife, or implied he was armed. *Id*. at ¶¶ 7, 9, 10, 11, 12, 13, 14, 19, 20, 21, 22. On one occasion, Defendant "ordered the bank employees into the vault, and, after ascertaining that there was no additional cash to steal, he closed the door on them. He locked the vault and took the keys away. He also took a cellular telephone from one of the bank employees who he locked in

9

the vault. He left the keys in the bank where they could not be reached by bank personnel. The defendant then fled the bank with the black bag containing approximately $25,122 in stolen cash." ECF No. 14 at ¶ 7; ECF No. 50 at 28.

Defendant has approximately twenty-three years remaining on his sentence. ECF No. 43 at 1. As a result, the Court finds that a reduction would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment, and afford adequate deterrence to others. Therefore, even if Defendant had successfully demonstrated extraordinary and compelling reasons for a reduced sentence, this Court finds that a reduction would be unwarranted under § 3553(a) factors.

## Conclusion

For the reasons stated above, Defendant's Amended Motion for Compassionate Release [39] is DENIED and his *pro se* [38] Motion to Reduce Sentence - First Step Act Amendment is now MOOT. The portion of Defendant's Amended Motion for Compassionate Release related to his health conditions and the COVID-19 pandemic is DENIED without prejudice for failure to exhaust administrative remedies.

ENTERED this 23rd day of March, 2021.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge
