UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01-CR-40040 |
| ) | |
| CARLOS ANTONIO BOLTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Now before the Court is Defendant Carlos Antonio Bolton's Second Amended Motion for Compassionate Release. (D. 64). For the reasons stated below, Defendant's Motion is DENIED.

## Background

On July 18, 2001, Defendant was indicted in the Central District of Illinois on eleven charges involving bank robbery, obstructing commerce by robbery, brandishing a firearm during a robbery, and aggravated bank robbery (Case No. 01-CR-40040). (D. 66 at 2). On December 5, 2001, Defendant was named in a ten-count information filed in the Southern District of Iowa charging him with obstruction of commerce by robbery (Case No. 01-CR-40098). *Id*. On December 6, 2001, Defendant consented to a transfer of jurisdiction allowing this Court to resolve both cases. *Id*.

On December 10, 2001, Defendant pled guilty pursuant to a written plea agreement. *Id*. On March 8, 2002, this Court sentenced him to fifty years' imprisonment on counts 1, 2, 3, 4, 6, 8, and 10 to run concurrently with one another and with Case No. 01-CR-40098.

*Id*. at 3. Defendant is currently housed at FCI Victorville Medium II in Victorville, California with a projected release date of March 16, 2044. (D. 61 at 2).

On January 5, 2021, defense counsel filed an amended motion for compassionate release. (D. 39). On March 23, 2021, this Court denied the portion of the motion related to Defendant's medical conditions and the COVID-19 pandemic without prejudice due to Defendant's failure to exhaust his administrative remedies. (D. 52 at 10). The Court denied the remaining claims in his motion and held that (1) Defendant did not present an extraordinary and compelling reason for release, and (2) the applicable factors under 18 U.S.C. § 3553(a) did not support a sentence reduction. *Id*.

On June 25, 2021, Defendant filed his second *pro se* motion for compassionate release. (D. 59). On July 9, 2021, defense counsel filed a motion asking the Court to stay the proceedings until after Defendant submitted a written request to the warden. (D. 62). The Court granted the motion and stayed the proceedings. (d/e 7/12/2021). On September 27, 2021, counsel filed a Second Amended Motion for Compassionate Release. (D. 64). The Government filed a response on October 7, 2021. (D. 66). This Order follows.

**Legal Standard**

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id.* at 1181.

## Discussion

It appears that Defendant exhausted his administrative remedies, and as such, this Court will address the matter on the merits. (D. 64 at 6-7).

Defendant first argues that his serious and chronic medical conditions and the pandemic constitute extraordinary and compelling reasons for compassionate release. *Id.* at 7. Defendant is overweight with a BMI of 29 and suffers from pre-type 2 diabetes,

3

hyperlipidemia, and chronic and uncontrolled hypertension. *Id*. at 7-8. He experiences dizziness, chest pain, fainting spells, and dangerously high blood pressure readings. *Id*. at 7. He also has lumbar and hip pain and peripheral neuropathy in both feet, requiring him to wear orthotic devices for ambulation. *Id*. at 8. Defendant also argues he is at higher risk of COVID-19 because he is African American. *Id*.

The Court acknowledges that overweight individuals and those with pre-existing medical conditions, such as hypertension and diabetes, face an increased risk of developing complications from COVID-19. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on Oct. 14, 2021). The CDC also recognizes that "[l]ong-standing systemic health and social inequities have put various groups of people at increased risk of getting sick and dying from COVID-19, including many racial and ethnic minority groups." *Id*.

The Government argues that Defendant does not face a significant risk because he previously contracted COVID-19 and was asymptomatic. (D. 66 at 17). Defendant received the Moderna COVID-19 vaccine, which the CDC has reported that is 94% effective in preventing the need for hospitalization among adults over age 65. D. 67 at 1; *See Effectiveness of Pfizer-BioNTech and Moderna Vaccines Against COVID-19 Among Hospitalized Adults*, CENTERS FOR DISEASE CONTROL AND PREVENTION, www.cdc.gov (last visited on Oct. 14, 2021). The CDC also concluded that vaccines are effective against known variants. *See Vaccines for COVID-19*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines (last visited on Oct. 14, 2021).

Due to the widespread availability of the COVID-19 vaccine and its effectiveness, the Seventh Circuit recognized that the risk of contracting COVID-19 is not an extraordinary and compelling reason for compassionate release in all cases. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The Court stated:

> For the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id*. Despite his medical conditions, this Court finds that Defendant failed to demonstrate an extraordinary and compelling reason to justify compassionate release. His prior asymptomatic infection and subsequent vaccination make it unlikely that he will contract COVID-19 again or suffer severe complications if he does.

Even if Defendant had established an extraordinary and compelling reason for compassionate release, this Court previously ruled that a reduction would be unwarranted under § 3553(a) factors. The Court declines to reconsider its prior ruling and relies on its previous findings for purposes of this Order. *See* D. 52 at 9-10.

## Conclusion

For the reasons stated above, Defendant's Second Amended Motion for Compassionate Release [64] is DENIED and his *pro se* Motion for Compassionate Release [59] is MOOT.

ENTERED this 15th day of October, 2021.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Court Judge